[Henry v. Davis.]

# Henry *v.* Davis.

## *Trespass to Realty.*

(Decided Feb. 14th, 1907. 43 So. Rep. 122.)

1. *Ejectment; Recovery of Damages.*—Under Section 1555, Code 1896, mesne profits only, and not damages for trespass are recoverable in ejectment.
2. *Trespass; Possession of Plaintiff at Time of Trespass; Evidence.*—The plaintiff introduced no evidence of possession except a judgment in ejectment, and as that relates only to the time of beginning the ejectment suit, and as there was no evidence of trespass except prior to the date of the beginning of the ejectment suit, plaintiff cannot recover for the trespass.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Mary Henry against M. L. Davis. Judgment for defendant. Plaintiff appeals. Affirmed.

ERVIN & MCALEER, for appellant.—The measure of damages is the difference in the value of the land before and after the trees were cut from it and the court erred in sustaining an objection to a question seeking to elicit this information.—*White v. Yawker,* 138 Ala. 275; *Warrior C. & C. Co. v. Mobile Mining Co.,* 112 Ala. 624. The evidence showed that the timber was cut by defendant, the damage to the land by cutting, and that the land belonged to the plaintiff, and that was all that was necessary. The court erred in excluding this evidence.— *Fry v. Banks,* 16 Ala. 285; *Carlisle v. Killebrew,* 89 Ala. 33; *Coperton v. Smith,* 85 Am. Dec. 206; *Ladd v. Dubroca,* 61 Ala. 25.

GREGORY L. & H. T. SMITH, for appellee.—It is never permissible to introduce the opinion of an expert upon the very issue to be determined by the jury.—*L. & N. R. R. Co. v. Landrum,* 135 Ala. 511; 5 A. & E. Enccy. of

Evidence, p. 529. The age of a document or stump is not the subject matter of expert testimony.—*Cheny v. Dunlap*, 29 N. W. 925; *Clarke v. Brooks*, 12 Hun. 271; *Ellenwood v. Bragg*, 52 N. H. 490. The expression of an opinion in regard to the matter can never be regarded as in conflict with the positive testimony of witnesses having knowledge of the facts.—*A. G. S. R. R. Co. v. Roach*, 16 Ala. 362. The burden was on the plaintiff to show that the stumps were cut subsequent to the institution of the action of ejectment and a statement in the alternative cannot be regarded as a statement of either fact.—*Tinney v. C. of Ga. Ry. Co.*, 129 Ala. 526; *L. & N. R. R. Co. v. Duncan*, 137 Ala. 454; *Southern Ry. Co. v. Bunt*, 131 Ala. 595; *Shelton v. Southern Ry. Co.*, 136 Ala. 191. It is thoroughly settled that while a judgment in an action of ejectment is conclusive of the plaintiff's right to recover damages to the premises by the defendant in ejectment between the date of the demise and the date of the judgment in ejectment and under the statutory action the judgment proved the plaintiff's right from the date of the filing of the complaint in ejectment and not before.—*Shumake v. Nelms*, 25 Ala. 126; *Carlisle v. Killebrew*, 89 Ala. 333; *Kille v. Ege*, 82 Pa. St. 102; *Jackson v. Randall*, 11 Johns. 405; *West v. Hughes*, 1 H. & J. 574; *Ashland v. Parkland*, 11 Burr, 668; *Yount v. Howard*, 14 Cal. 469. A recovery cannot be had in an action for trespass based upon testimony which disclosed that the defendant himself did not participate in the act.—*Southern Ry. Co. v. Yancey*, 141 Ala. 246; *Birmingham Ry. Co. v. Gunn*, 141 Ala. 372.

SIMPSON, J.—This was an action of trespass for cutting trees, brought by the apellant (plaintiff) against the appellee (defendant). The plaintiff introduced the record from the Mobile circuit court, showing that plaintiff had recovered the land on which the cutting was done in a statutory action of ejectment against the defendant on the 14th day of January, 1904, and the damages claimed in this suit are for cutting of trees on said land by the defendant while he was in possession of the same. On motion of the defendant the court first ruled out the testimony of several witnesses for plain-

[Henry v. Davis.]

tiff, and the record of the ejectment suit, and then, on motion by the defendant, ruled out all of the testimony of the plaintiff, on the ground that it was irrelevant and immaterial, and overruled a motion for a new trial. Ap pellee claims that the ruling of the court in this particular was correct, because the evidence shows (1) that the trees were cut before the commencement of the ejectment suit; and (2) that the trees were not cut by the defendant himself, but by his employes. Said ejectment suit was commenced on March 17, 1903, and this case was tried on January 14, 1904.

On the first proposition, J. M. Stringfellow, a witness for plaintiff, testified that he had been in the logging and timber business since he was 16 years old, and that he counted something over 900 stumps, from which the timber "had been cut one or two years before" July, 1904. Stewart, a witness for plaintiff, testified that "several years ago he was engaged in sawmill business along where the lines were run around this piece of land, the timber had been cut * * * the stumps were pretty thick." Joe Lee, a witness for plaintiff, testified that about five years ago he worked for defendant, helping to saw timber cut on said land; that Davis was not there; and that witness was employed by one Snow, who was "saw boss" for defendant. Snow testified that defendant had the timber cut off five or six years ago, that defendant was not there himself, and witness was employed by one Willis, who had been employed by defendant. It seems that, under the old fictitious action of ejectment, only nominal damages were allowed, and in order to provide a remedy for actual damages, which had been allowed before the introduction of the fictions, a new application was made of the common-law action of trespass, which was brought after the right of possession in the plaintiff had been established by the action of ejectment. In this action the plaintiff recovers mesne profits, and all damages which had been sustained by him by reason of the disturbance of his possession by the defendant.—Merrelle on Ejectment, pp. 584, 588, 590, §§ 526, 530, 531; *Baron v. Abeel,* 3 Johns. (N. Y.) 481, 3 Am. Dec. 515; *Drexel v. Man,* 2 Pa. 271,

274-276, 44 Am. Dec. 195; *Shumake v. Nelms' Adm'r,* 25 Ala. 126, 134.

The theory of the law is that, as it has been decided that the defendant was not entitled to the possession, his interruption of the possession of the plaintiff was tortious, and, in contemplation of law, the plaintiff was in possession all the time. That being the case, he has the right to maintain the action of trespass, just as if he had been actually in possession all of the time, and, consequently he can recover, not only for rents, or mesne profits, strictly speaking, but for an injury by waste or otherwise, which would be the proper subject of an action of trespass.—*Leland v. Tousey,* 6 Hill (N. Y.) 328, 331, 332; *Dewey v. Osborn,* 4 Cow. (N. Y.) 329, 338. As our own court has said, "after he has recovered in ejectment, the law, by a kind of jus postliminii, supposes the freehold all the time to have continued in him."—*Fry v. Branch Bank of Mobile,* 16 Ala. 285. It will be seen that the right to recover for mesne profits, in an action of trespass after recovery of the land in an action of ejectment was based originally on the idea that only nominal damages could be recovered in the action of ejectment. So the question is suggested, what effect does our statute which allows a recovery for damages, in an action of ejectment, have on the right to bring this action thereafter?—Code 1896, § 1555.

Shortly after the passage of the original act allowing a recovery of damages in actions in the nature of ejectment, this court held that, inasmuch as the right to recover for mesne profits was involved in the action of ejectment, there could be no subsequent action for their recovery, whether they were actually recovered in the action of ejectment or not.—*Cummings v. McGehee,* 9 Port. 349, 351. So it would seem that, if the damages here sought to be recovered were recoverable in the action of ejectment, they could not be recovered in the subsequent action. This court, in the case of *Kellar v. Bullington,* 101 Ala. 270, 14 South. 467, made a remark to the effect that, in the action of ejectment, "all damages, not only for mesne profits, but for injuries committed in the nature of trespass or waste," were recoverable; but subsequently, when the question came to be

[Henry v. Davis.]

directly considered by this court, it was held that by
virtue of this statute the only damages recoverable in
an action of ejectment are "what are known as mesne
profits—compensation for use and occupation."—*Prest-
wood v. Watson*, 111 Aa.1 604, 610, 20 South. 600. It
results, then, that these damages are not recoverable in
the action of ejectment. The common-law remedy still
remains.—Sedgwick & Wait's Trial of Title to Lands,
§ 668.

But there seems to be no controversy between the par-
ties as to the above principles. The first point of con-
tention is as to the probative force of the record of the
judgment in ejectment. The appellant seems to hold
that the effect is to show possession in the plaintiff as
far back as he actually held possession, while the appel-
lee contends that it shows possession only as to the
time when the suit was instituted, and that consequent-
ly the plaintiff could not recover for any trespass com-
mitted before that time. On this theory he contends
that the evidence conclusively shows that whatever acts
of trespass were commited were before that time, and
consequently the court was right in excluding all of the
testimony of plaintiff. The authorities are clear that,
under the old system of pleading, the record of the re-
covery in ejectment was conclusive proof of the right of
possession by the plaintiff at the time of the demise
laid, and that, if he desired to recover for any trespass
previous to that date, he was required to prove his pos-
session, or right to possession, at the time when the al-
leged trespass was committed. As we have no demise
laid in our statutory action of ejectment, it necessarily
follows that the only time to which the judgment can
relate is the date of the commencement of the suit; and
so the authorities hold.—*Baily v. Fairplay*, 6 Bin.
(Pa.) 450, 454, 455, 6 Am. Dec. 486; *Kille v. Ege*, 79
Pa. 15; *Man v. Drexel*, 2 Pa. 202, 203; *Drexel v. Man*, 2
Pa. 271, 44 Am. Dec. 195; *Chirac v. Reinicker*, 11
Wheat, (U. S.) 280, 296, 6 L. Ed. 474; *Doe ex dem.
Marshall v. Dupey*, 4 J. J. March. (Ky.) 388; *Yount v.
Howell*, 14 Cal. 465, 468; *Brewer v. Beckwith*, 35 Miss.
467; Sedgwick & Wait on Trial of Title, § 671; 5 Ency.
of Evidence, p. 41. As no evidence of possession was

offered, except the record of the judgment in ejectment, no evidence could be received of any trespass committed previous to the bringing of the ejectment suit.

It is important ,then, to determine when the timber was cut from the land. The witness Stringfellow, for plaintiff, testifies that he counted stumps on the land shortly after July, 1904, and that they appeared to have been cut one or two years, that he had been in the logging business since he was 16 years old, and that he could tell by examination approximately how much timber the trees would produce; but he does not say any thing about being able to tell how long since the timber was cut by looking at the stumps. Stewart testified that several years ago he was in the sawmill business near there, and the timber had been cut then. Joe Lee testified that he had worked two days for appellee, helping to saw timber from the land, above five years ago. Wash Snow testified that appellee had the timber cut off the land about five or six years ago. R. E. Terry testified that it had been about ten years since he cut any timber off the land. The burden was on the plaintiff to prove that timber was cut on the land by defendant on or about the 17th day of March, 1903, the day when the ejectment suit was commenced. As this case was tried on the 6th day of July, 1906, it will be seen that, according to either of the witnesses who fixes any date when timber was cut on the land, the nearest date is five years ago, or in 1901, two years before the bringing of the ejectment suit. Even if we were to give the statement of the witness Stringfellow the force of positive testimony, it would only be that, according to his estimate, the timber was cut either just about the time of the commencement of the ejecment suit, or a year before that time, which would fall far short of making out the plaintiff's case. This testimony, at any rate, should not be given any force, because (1) the witness does not even say that he could tell anything about how long it had been since the timber was cut by looking at the stumps, and there was no evidence that any one could do that; (2) he does not atempt to say who cut the timber. The plaintiff not having made out a prima facie

[Clark v. Jernigan.]

case, the court committed no error in ruling out the evidence of the plaintiff, nor in overruling the motion for a new trial.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.