# Lyons, *et al. v.* Stickney.

*Tresspass and Trover Following Recovery in
Ejectment.*

(Decided Jan. 19, 1911. 54 South. 496.)

1. *Ejectment; Recovery of Damages.*—Damages for trespass to a freehold by cutting trees and conversion of the trees so cut could not be recovered in an action of ejectment for the premises prior to the enactment of section 3839, Code 1907.

2. *Judgment; Conclusiveness in Ejectment; Trespass.*—Where the plaintiffs had recovered the land in ejectment and been restored to possession, and then brought suit in trespass and trover to recover damages for cutting and carrying away trees from the land by the defendant while in possession, it was necessary to recovery that plaintiff's title and right of possession or constructive possession at the time of the injury should be established, as the judgment in ejectment was conclusive only as to the plaintiff's right, as to the time subsequent to the demise laid in the common law action or subsequent to the commencement of the suit in a statutory action; hence, evidence as to plaintiff's title to the land at the time the acts occurred was admissible as well as evidence to show defendant's title at that time.

3. *Same.*—In an action of trespass and conversion for the cutting and removing of trees from the premises, following a recovery in ejectment of the premises, evidence of defendant's title to the premises and evidence tending to show a continuous adverse possession by the defendant for a period of more than ten years prior to the date of the alleged injury was admissible to show the bona fides of the possession in defendant at that time, and such evidence was not rendered inadmissible, because of a judgment in plaintiff's favor for a recovery of the land in ejectment.

4. *Same; Conclusiveness.*—Except in a second action of ejectment brought for the recovery of the same premises, a judgment in ejectment is conclusive between the parties as to the title and right of possession therein determined.

[Lyons, et al. v. Stickney.]

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by Thomas F. Stickney in trespass and trover for cutting and removing trees brought against Robert Lyons and others, following a recovery by Stickney, against them in ejectment. Judgment for plaintiff and defendants appeal. Reversed and remanded.

PILLANS, HANAW & PILLANS, and GAILLARD & MA-HORNER, for appellant. The recovery in ejectment is not evidence of possession or the right to possession be-yond or back of (in statutory ejectment) the bringing of the suit.—*Henry v. Davies*, 149 Ala. 357; 11 Am. Dec. 196; 6 Am. Dec. 489; 2 Burr. 668; Adams on Ejectment, 388-9-90. It was not competent to intro-duce the deed and patent since that was an effort to try title in a personal action.—*Cooper v. Watson*, 73 Ala. 252; *Beatty v. Brown*, 76 Ala. 267; *Street v. Nelson*, 80 Ala. 230; *Bank v. Clements*, 109 Ala. 277; 8 Am. Dec. 318. The action was a personal action.—1 Chitty on Pleadings, 109. The doctrine "jus postliminii" will not avail the plaintiff.—*Henry v. Davis, supra.*

ERVIN & McALEER, for appellee. No recovery can be had in ejectment for damages for trees cut by the ad-verse possessor during the time he held the land.— *Prestwood v. Watson*, 111 Ala. 607. But trespass or trover will lie after the owner has recovered possession of the land by suit or otherwise.—*Fry v. The Bank*, 16 Ala. 285; *Cooper v. Watson*, 73 Ala. 255; *Beatty v. Brown*, 76 Ala. 269; *Wilson v. Hoffman*, 36 Am. St. Rep. 485; *Alliance . Co. v. Nettleton*, 60 Am. St. Rep. 532; *Trubee v. Miller*, 40 Am. Rep. 177; *Anderson v. Hapler*, 85 Am. Dec. 321 and note; 28 A. & E. Enc. of Law, 577; Id. 671. After a recovery in ejectment the plaintiff can sue in trespass for damage done by the

adverse possessor during the time he held possession. —*Henry v. Davis*, 149 Ala. 362. When one recovers land in ejectment, the law by a kind of "jus postliminii" supposes the freehold to have been all along in him; see all the authorities supra and *Bacon v. Shepherd*, 20 Am. Dec. 582; 1 Chitty on Pl. 198; 3 Black. 210. A judgment in ejectment is conclusive between the same parties as to the right to possession and title on a subsequent suit for mesne profits.—*Carlisle v. Kilgore*, 89 Ala. 333; *Wilson v. Hoffman, supra.* Title to land cannot be tried in a personal action.—*Stewart v. Tucker*, 106 Ala. 321; *Cooper v. Watson, supra; Beatty v. Brown, supra.* An adjudication in an action to try title is conclusive upon all claims of title which the parties to the action then had.—*Mervin v. Parker*, 18 Ala. 241; *Wilson v. Hoffman, supra;* 3 Ballard Real Property, Sec. 610; 24 A. & E. Enc. of Law, 781.

SAYRE, J.—Appellee, having first recovered judgment against appellants, in a suit brought in 1905, for a certain tract of land in a statutory action in the nature of ejectment, and having been restored to possession, brought this action in 1907, declaring in trespass for an injury done to the freehold by cutting trees, and in trover for the conversion of the trees so cut by appellants while in possession. In the ejectment suit there was no claim for the damages now sued for, nor could they have been recovered in that action.—*Prestwood v. Watson*, 111 Ala. 604, 20 South. 600. Now the statute provides differently.—Code 1907, § 3839.

By the evidence it appeared, without conflict, that the trees had been cut before the action in ejectment had been brought. It was necessary to a recovery under either count that plaintiff's title and right of possession—that is, his constructive possession—at the

[Lyons, et al. v. Stickney.]

time of the injuries complained of, should be establish-
ed, and this of course involved an inquiry as to the title
to the land at that time.   Defendants here insist, as
they did in the court below by objections to evidence
and by exception to the general result, that plaintiff
could not recover because the law will not permit the
title to land to be made the subject of inquiry in a per-
sonal action.   We think their understanding and ap-
plication of the rule to which they refer cannot be sus-
tained.   Apart from any question as to the venue of the
cause, about which the parties have nothing to say, and
with which we will therefore not be concerned, the rule
rests upon considerations which were stated in *Powell v.
Smith,* 2 Watts (Pa.) 126, and repeated by this court
in *Cooper v. Watson,* 73 Ala. 252, in this language:
"It would provoke much useless litigation, and be at-
tended with great practical mischief, if an owner out
of possession were suffered to harass the actual occu-
pant with an action for every blade of grass cut, or
bushel of grain grown by him, instead of being compell-
ed to resort to the action for mense profits, after a re-
covery in ejectment, by which compensation for the
whole injury may be had at one operation."—*Beatty
v. Brown,* 76 Ala. 267.   The right of the owner to main-
tain his actions for mesne profits and for injuries by
waste or otherwise pending the defendant's wrongful
possession—actions which, though different in form,
are governed by similar principles—does not depend
necessarily upon his having previously recovered pos-
session by ejectment, for he has the same right when
he has regained possession by lawful re-entry.—*Fry v.
The Bank of Mobile,* 16 Ala. 282.   After possession re-
gained the reason of the rule fails.   To deny the right
to prove title, and thereby constructive possession, in
a personal action after recovery of possession in eject-

ment or by re-entry, would deny an action for an invasion of a substantial legal right. That right of action has never been denied.

The question which arises here relates to the necessity for proof and the admissibility of evidence. It relates to the evidential effect of the judgment of recovery in ejectment. In *Fry v. Bank of Mobile, supra,* adopting the language of the cases generally, it was said that after re-entry by the lawful owner, or after he has recovered in ejectment, the law, by a kind of jus postliminii, supposes the freehold all the time to have continued in him. But appellee is mistaken in supposing that on a mere re-entry the law indulges a presumption that the right of entry existed for any length of time prior thereto. Non constat at the time of the acts complained of, the defendant may have been lawfully in possession with a right to do as he did, and plaintiff's right to possession may have accrued subsequently. It could hardly be supposed that in such case a mere entry establishes, presumptively or conclusively, a right of action for what went before. In repect to the action in general the rule is that one must have either an absolute or temporary property in the soil, and actual possession by entry to be able to maintain an action of trespass. In order that the owner may maintain an action for wrongs done to the freehold during his disseisin, the law indulges a fiction, by a kind of jus postliminii, which permits the mere right of possession at the time of the injury to serve the purpose of an actual possession in actions for mesne profits and the like, after actual possession has been regained. But this constructive possession must be proved like any other fact necessary to recovery. The recovery in ejectment is conclusive as to plaintiff's right during the time subsequent to the demise laid in the common-law

action and subsequent to the commencement of the suit
in statutory ejectment. Where the injury occurs pre-
vious to such time, title must be proved. This appears
in the earliest authorities, to which, in view of the con-
tention, it may be well to recur. On the authority of
*Aslin v. Parkin*, 2 Bur. 665, which was an action of
trespass to recover mesne profits after judgment ob-
tained against the casual ejector, and the leading case
on the subject, is based the language of Blackstone's
Commentaries (vol. 3, p. 205) : "In this case the judg-
ment in ejectment is conclusive evidence against the
defendant for all profits which have accrued since the
date of the demise stated in the former declarations
of the plaintiff; but, if the plaintiff sues for any ante-
cedent profits, the defendant may make a new defense."
Of this passage the learned annotator Couch  says:
"The effect of a judgment in ejectment is here too
broadly stated. It is evidence of title from the date of
the demise, but is no evidence of the length of time
during which the defendant has been in possession.
Where he appears and defends the ejectment, he ad-
mits, as has been noticed, his possession at the time of
the service of the declaration, and the judgment there-
fore is evidence of such possession; but, if the plaintiff
seeks to recover profits for an earlier period, he must
give other evidence." In Sedwick & Wait's Trial of
Title to Land, § 671, it is said: "If the plaintiff claims
mesne profits for a period prior to the demise in the
declaration, the title is open for investigation." In
Tillinghast's Adams, p. 393, it is said: "When the
plaintiff seeks to recover the mesne profits accruing an-
tecedent to the day of demise in the declaration, it fol-
lows from what has been already said that he must pro-
duce the regular proof of his title to the premises." In
*West v. Hughes*, 1 Har. & J. (Md.) 574, 2 Am. Dec.

539, the case and the rule are well stated as follows: "This action is brought to recover the mesne profits during the time the defendant remained in possession. If the plaintiff can prove his title accrued before the time of the demise in the action of ejectment, and that the defendant had been longer in possession, he may recover antecedent profits. But in such cases the defendant is at liberty to controvert this title. But, from the time of the demise until the plaintiff was put in possession under the habere facias possessionem, the defendant is accountable for the profits." In *Henry v. Davis,* 149 Ala. 359, 43 South. 122, this court has stated the proposition as follows: "The authorities are clear that, under the old system of pleading, the record of the recovery in ejectment was conclusive proof of the right of possession by the plaintiff at the time of the demise laid, and that, if he desired to recover for any trespass previous to that date, he was required to prove his possession, or right to possession, at the time when the alleged trespass was committed. As we have no demise laid in our statutory action of ejectment, it necessarily follows that the only time to which the judgment can relate is the date of the commencement of the suit; and so the authorities hold"—citing cases and text-books abundantly sustaining the proposition. There are none to the contrary. So, then, it was necessary for the plaintiff to prove his right of possession at the time of the injuries complained of, a time prior to the commencement of his action of ejectment, by showing his legal title at that time, and such evidence was properly admitted.

It being proper for the plaintiff to show his constructive possession at the time of the trespass and conversion alleged, by showing his title prior to the commencement of his action of ejectment, it results that defend-

ants ought to have been allowed to controvert that title. The authorities to which we have referred so hold. A conclusion favorable to the defendant on the issue, while defeating plaintiff's action, would have no effect upon plaintiff's title to the land, and right of possession thereunder, as determined by the judgment in ejectment. As to that the judgment in ejectment was conclusive between the parties except in a second action of ejectment. In *Carlisle v. Killebrew,* 89 Ala. 329, 6 S'uth. 756, 6 L. R. A. 617, the action was in detinue for the recovery of personal property consisting of crops raised during the year 1887. The defendant had recovered the land upon which the crops were grown in an action of ejectment commenced on December 13, 1886, and had been formally put in possession by the sheriff under a writ of possession, and while so in possession had appropriated the crops in controversy in the detinue suit. Carlisle afterwards took possession of the land and brought his action of detinue. The ruling was that the judgment in ejectment was conclusive of the rights of the parties in the detinue suit. The court said: "But, where the question of title arises collaterally, as in the action for mesne profits, or otherwise, the record of a recovery in ejectment is not only admissible in evidence in favor of the party in possession under it, but is conclusive between the same parties, and their privies, on the same title, as to the question of possession and title." But, in the case of *Aslin v. Parkin,* to which we have already referred, it was unanimously resolved, among other things, that: "This judgment (the judgment of ejectment), like all others, only concludes the parties, as to the subject-matter of it. Therefore, beyond the time laid in the demise, it proves nothing at all, because, beyond that time, the plaintiff has alleged no title, nor could be put to prove

any. As to the length of time the tenant has occupied, the judgment proves nothing; nor as to the value. And therefore it was proved in this case (and must be in all) how long the defendant enjoyed the premises, and what the value was; and it appeared that the time of such occupation by the defendant was within the time laid in the demise." And it was directed that the plaintiff should have judgment. When the facts are considered, it will be seen that identical reasoning was followed in *Carlisle v. Killebrew.* These cases are exactly in line with what we have written. The muniments of title offered by the defendants, standing alone, were insufficient to overturn the title shown by plaintiff. But they were offered, in connection with the testimony going to show a continuous adverse possession by the defendants for a period of more than 10 years prior to the date of the alleged injuries, to show the bona fides of that possession. This evidence was admissible to show title in the defendant at that time, and to defeat plaintiff's action. Plaintiff's recovery in ejectment did not conclude that question.

For error in excluding defendant's evidence as to title prior to the commencement of the suit in ejectment, the judgment of the court below must be reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SOMERVILLE, JJ., concur.