This is a possessory action brought by Mrs. Willie C. Neal, Howell Neal and Mrs. Pauline Neal Hanno, being the surviving spouse and sole and only heirs of W. C. Neal, deceased, against the Farm Development Corporation and James J. LaSalle, alleging the disturbance of their possession *Page 321 
of a tract of land containing 10.27 acres of land in Section 14, Township 5 South of Range 9 East, in Tangipahoa Parish. They allege all of the essential allegations for the possessory action. The alleged acts of disturbance of their possession consist of the defendants going on the property, of having cut down the growing trees, of having uprooted the stumps and of claiming the property as their own. They also seek damages in the sum of $1950.00, divided as follows: $1000.00 for the unlawful entry and trespass, $450.00 for value of timber removed and $500.00 for young pine trees destroyed.
Defendants, for answer, denied all of the allegations of plaintiffs' petition. In their answer, they set forth that they claim the ownership of the property in question by purchase from the Lake Superior Piling Co., Inc., and called that corporation in warranty. Lake Superior Piling Co., Inc., answered the call in warranty and it in turn generally denied the allegations of plaintiffs' petition. In its answer, it set forth that in case of judgment against the original defendants, then that in such case it be restricted only to the return of the purchase price of the property in question.
The case was tried, resulting in a judgment being rendered in favor of plaintiffs and against the defendants, Farm Development Corporation and James J. LaSalle, recognizing and maintaining plaintiffs as owners of and possessors of the property in dispute. There was further judgment in favor of plaintiffs and against the defendants, in solido, enjoining and restraining them from interfering or disturbing plaintiffs' possession or free use and enjoyment of the said property. There was further judgment in favor of the plaintiffs and against said defendants, in solido, in the sum of $450.00 as damages to timber and possessory rights, with legal interest thereon from judicial demand until paid and costs.
Defendants Farm Development Corporation and James J. LaSalle have appealed. Plaintiffs have answered the appeal, praying that the amount awarded as damages be increased to the sum of $1950.00, the amount originally prayed for, and as thus amended the judgment be affirmed.
In a possessory action the plaintiff is entitled to a judgment on proving that he had real and actual possession of the property at the instant when the disturbance occurred and had had such possession quietly and without interruption as owner for more than a year previous to being disturbed, and that the action was brought within one year after the disturbance took place. Code of Practice, Article 49.
The property in question appears to be cut-over pine land and unenclosed. In order to meet the requirement of possession of the property in dispute, the plaintiffs rely upon the rule of law that possession acquired by entering upon and occupying a portion of a tract of land with intention of possessing the entire tract included within its boundaries is sufficient to support a possessory action. Collins v. McLemore, La. App., 177 So. 502.
The facts as disclosed by this record show that W. C. Neal, the husband in community and father of the plaintiffs during his lifetime, purchased, by authentic act, which act was duly recorded in the conveyance records of the Parish of Tangipahoa, on Jan. 3, 1939, from William Neal, the following described property: "Sixty (60.00) acres of land in the extreme northern portion of the south half of the northeast quarter of Section Fourteen (14), T-5-S, R-9-E, St. Helena Maridian." The said W. C. Neal, immediately after his purchase, moved on the said property with his wife and family and continued to live thereon and cultivated a portion thereof until he died. His widow, one of the plaintiffs herein, continued to live in the house on the property and was living and cultivating a portion of the property up to the alleged disturbance of her possession by defendant.
T. A. Tycer, a civil engineer and surveyor, testified that he made a survey of the locus in quo on October 17 and 18, 1946, and made a map or plat of the survey, and this map or plat was filed in evidence. This map or plat shows, among other things, the center line of the Northeast Quarter of Section 14, T-5-S, R-9-E, a residence, cultivated *Page 322 
lands to the north and northeast of the residence, and the center line of the said section. According to his testimony, he surveyed and sketched or mapped the whole tract covered by the Neal deed, shown on the map by the shaded area. According to his testimony and his map or plat, the 10.27 acre tract in dispute is enclosed in the description of the property in the Neal deed and is located in the southwest corner of the sixty acre tract, and he has marked it off for identification.
We may say at this time that the deed and the map or plat were offered not for the purpose of showing ownership but merely to show possession.
The testimony of this witness and that of Mrs. Neal and others, establishes to our satisfaction that plaintiffs were in possession of the land claimed by them as owners and undisturbed for more than a year prior to defendants disturbing possession thereof, and that they brought this suit within one year after such disturbance.
We would stop without further comment if defendants had not contended in their brief that the description in the deed was not sufficient as a basis to apply the rule that possession of a part is possession of the whole, contending that the description in the deed must be certain and not indefinite and it must cover a tract of land the extent of which could be determined upon examination of the records alone.
We fully agree with them that the general rule is that "in order to furnish a basis for possession of the part the description contained in the title to the whole must be susceptible to determination within the four corners of the deed itself." Applying that rule to the case at bar, we are of the opinion that the deed fully describes the property purchased by Mr. Neal. The governmental description of the South half of NE 1/4 of Section 14, T-5-S, R-9-E, is very definite and can be definitely located by any competent civil engineer and the sixty acres in the extreme northern portion thereof can be so located. In fact, Mr. Tycer had no trouble in locating the sixty acres. The deed cannot be interpreted in any other way. It is absolutely definite. The center line of the Northeast Quarter of that section is the northern line. The description in the deed definitely identified it as the northern sixty acres of the South half of the said section. Ordinarily, a quarter section of land contains 160 acres; therefore, the south half of a section contains 80 acres. Sixty acres thereof would be three-fourths of the south half. A description of the land as being the North three-fourths of the South half of Section 14 would not be a better description. One of the definitions of the word "extreme" as given by Funk 
Wagnalls Desk Standard dictionary is "farthest; outermost; final." So we say that under no stretch of the imagination can it be said that the description as given is not definite and that it does not mean the north sixty acres of the south half of Section 14. We find no merit in defendants' contention.
We therefore find that the judgment appealed from is correct in so far as it recognizes and maintains the possession of the plaintiffs and orders the defendants to cease in further disturbing of their possession. However, it is erroneous in so far as it seeks to declare the plaintiffs to be the owners of the property in that the ownership of the property is not at issue. The judgment will be amended or recast accordingly.
It is well established that damages are recoverable in a possessory action. However, the amount to be awarded is to be determined by the particular facts of the case. We find the facts, in relation thereof, to be: Sam Lee, an employee of defendant Farm Development Corporation, was instructed to go upon the land with a bulldozer and push down such standing timber and push out such stumps thereon. The land was cutover land, not under fence, and the boundaries were not marked by any natural features. It had been purchased among other lands adjoining thereto by the Farm Development Corporation from Lake Superior Piling Co., Inc., and had been surveyed and the operation by Lee over the land did not go beyond the lines established by the surveyor. There is no evidence to show that defendant corporation had any knowledge that plaintiffs were claiming possession of this open cutover land prior *Page 323 
to the time of the trespass complained of. In fact, the operation was completed before the corporation was informed of any adverse interest in the property. There is therefore no bad faith shown to exist on the part of the employee of the corporation, an essential element to consider in the fixation of the quantum of damages. We must conclude therefore that the corporation was in good faith.
The operation of Lee in pushing down such timber and the pulling out of such stumps on the property was entirely completed in a forenoon. This fact indicates that there could not have been many trees standing nor many stumps to be removed. According to the testimony of Mrs. Neal, there were eighteen trees of the length of sixty or more feet, which could be converted into pilings, and she places a value on these trees at the sum of $25.00 each. These trees however remained on the property. According to the testimony of Mr. LaSalle, the Sec.-Treas. of the corporation, 40-foot pilings which had been removed from adjacent lands were sold by the corporation at $2.00 per piling. He further testified that the trees lying on the disputed tract were similar to those on the adjacent tract which tends to contradict Mrs. Neal's testimony on the length of the trees. Considering the fact that these trees at the trial of the suit were still on the property, we feel that a valuation of not more than $4.00 per tree should be assessed as damages, making the sum of $76.00. There is evidence that some 270 stumps were pulled out. However, there is no valuation placed on these stumps. Furthermore, we are of the opinion that the pulling out of these stumps was beneficial to the property and to plaintiffs in the clearing of the property and no award should be made therefor. We do not find any other element of damage upon which an award can be made. It appears from the judgment rendered that the lower court evidently came to the conclusion that defendant corporation was not guilty of bad faith and assessed the amount of damages solely on the eighteen trees pushed down, and accepted the value placed thereon by Mrs. Neal; in that, we are of the opinion that he erred and the award should be reduced from $450.00 to $76.00.
We are of the opinion that he should not have cast Mr. LaSalle, in solido, with the corporation. Mr. LaSalle is the Secretary-Treasurer of the said corporation. He did not commit any trespass. It was Lee, the employee of the corporation, who committed the trespass, and consequently the corporation alone is responsible for such trespass.
The judgment is silent as to the call in warranty of defendant corporation against the Lake Superior Piling Co., Inc. Since the judgment is silent thereto, it stands as a rejection of the call in warranty. The defendant corporation complains of its rejection. We are of the opinion that the rejection of its demand is correct. This is a possessory action coupled with a demand in damages. The award of damages in this case is brought about solely by the action of the employee of the defendant corporation in committing the trespass. The action is not one involving the title to the property and it thus appears to us that the call in warranty was improvidently issued unless we hold that the defendant corporation was attempting to hold possession of the property. The defendant corporation was not evicted of the possession of the property; it is being kept from obtaining the possession.
For these reasons assigned the judgment appealed from is hereby recast in the following manner:
It is ordered, adjudged and decreed that there be judgment in favor of Mrs. Willie Neal, Howell Neal and Mrs. Pauline Neal Hanno, and against the defendant, Farm Development Corporation, decreeing the plaintiffs to be the possessors of the following described property, to-wit: "10.27 acres of land in Section 14, Township 5, South Range 9 East beginning at a point 332.5 feet North of the center line of Section 14; thence North 341 feet to a pipe; thence East 1320 feet to a pipe stake; thence South 337 feet; thence West to a point of beginning and as is more particularly set forth in map hereto annexed as plaintiffs' *Page 324 
exhibit No. 1 being marked thereon newly cleared", and maintaining and quieting them in their possession thereof.
It is further decreed that the judgment be amended by reducing the award from the sum of $450.00 to the sum of $76.00.
The judgment is further amended by discharging defendant James J. LaSalle from any and all liability.
As thus recast and amended the judgment is affirmed. The plaintiffs-appellees to pay the costs of this appeal and all other costs to be paid by defendant corporation.