H. B. SABOURIN ET UX *v.* CHESTER A. WOISH ET UX.

(85 A2d 493)

November Term, 1951.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY and BLACKMER, JJ.

Opinion Filed January 2, 1952.

*Sylvester & Ready* for the plaintiffs.

*John H. Webster* for the defendants.

SHERBURNE, C. J. This is an action of tort in two counts. The first count alleges, among other things, that the defendants occupied a house of the plaintiffs from about April 1, 1947, to about October 1, 1949, whereby it was the duty of the defendants, while occupying the property as tenants of the plaintiffs, to occupy the same in a good husbandlike manner, commit no waste, permit no waste to be committed, to pay the plaintiffs a fair and reasonable compensation for the use of the property, and to vacate the same upon being requested by the plaintiffs, and upon vacating to leave the same in a good state of repair. In this count the plaintiffs seek to recover (1) for injuries to the house resulting from the unhusbandlike and negligent occupancy of the defendants, (2) for expense of legal proceedings to gain possession of the property because of the wilful refusal of the defendants to vacate the same on or before October 15, 1948, pursuant to a notice given to the defendants by the plaintiffs on August 6, 1948, and (3) for being deprived of the use, benefits and profits that would have accrued to the plaintiffs during the last ten months prior to October 1, 1949. The second count alleges, among other things, that the plaintiff H. B. Sabourin on December 3, 1948, instituted a justice ejectment action against defendant Chester A. Woish, returnable to the Franklin municipal court, that a hearing was had thereon on July 15, 1949, and on August 10, 1949, the plaintiff therein had judgment for the possession of the premises and one cent damages and costs, and that thereafter the defendants refused to vacate the premises, refused to pay the plaintiffs a fair and reasonable compensation for their use, and so occupied same that the property became injured. This count seeks damages similar to those sought in count 1 accruing subsequent to July 15, 1949, and August 10, 1949.

In their answer the defendants plead the general denial, and that the plaintiffs are barred from maintaining this action (1) by the judgment in the justice ejectment action; (2) by the action of contract brought by said H. B. Sabourin in Franklin county court against said Chester A. Woish, involving the element of rent growing out of the same facts and circumstances as were involved in the justice ejectment action, and resulting in a final judgment for the defendant therein on February 10, 1951; (3) for the reason that the entire claim and the damages sought to be recovered in this action arose from the same breach that was adjudicated in the justice ejectment action, and that said H. B. Sabourin cannot maintain this action without splitting his cause of action; and (4) by the elections made by said H. B. Sabourin in the maintenance of the justice ejectment action, the maintenance of a trespass action in Franklin county court, as indicated by a writ dated April 21, 1949, and discontinued on September 27, 1949, and said contract action, which necessitated the allegation of facts or the assumption of positions inconsistent with, or repugnant to, the maintenance of this action. As to all the matters above mentioned the plaintiff Louise D. Sabourin and the defendant Constance M. Woish are alleged to be nominal parties and so connected in interest or liability with the other parties, that any judgment rendered may be regarded for both plaintiffs or both defendants, as the case may be, and any election made by plaintiff H. B. Sabourin may be regarded as made by both plaintiffs.

The plaintiffs filed a lengthy replication, in which they allege that they ought not to be barred by reason of anything alleged in the answer, and set forth reasons why they should not be barred. The cause was heard below on the pleadings. Defendants' answer was construed to be a plea in bar. It was adjudged that the answer so treated was sufficient, and judgment was entered for the defendants to recover their costs, and the plaintiffs were allowed exceptions. In their brief the plaintiffs claim nothing by reason of joining Louise D. Sabourin and Constance M. Woish, the wives of H. B. Sabourin and Chester A. Woish, as parties. Reference is had to *Sabourin* v. *Woish*, 116 Vt 385, 78 A2d 333, where the contract action mentioned in the pleadings was before this court.

■ The docket entries in this case show no motion for a judgment on the pleadings, but since the cause was heard on the pleadings and judgment was entered for the defendants, it will be deemed to have been entered upon their oral motion. Such a motion is in the

nature of a general demurrer, and admits, either directly or impliedly, the truth of all well pleaded facts in the pleadings of the opposite party. 41 Am Jur, Pleading, § 335. See *McCutcheon* v. *Leonard*, 112 Vt 172, 22 A2d 186.

A plea in bar that professes to answer the whole declaration, but answers only a part thereof, is bad as to the whole. *Goodrich* v. *Judevine*, 40 Vt 190, 196; *Ellis* v. *Cleveland*, 54 Vt 437, 440. In so far as the justice ejectment action is concerned defendants profess to answer the whole declaration, but omit to justify the period following August 10, 1949, the date of the judgment in that action. Count 1 of the declaration calls for damages between April 1, 1947, and October 1, 1949, and count 2 calls for damages from August 10, 1949, until defendants vacated the property, which according to an allegation in the replication was subsequent to September 27, 1949. Consequently the plea of that judgment is bad as to both counts. For like reason the pleas of election of remedies and splitting the cause of action because of the justice ejectment action are faulty. The plaintiffs can recover in the present action for damages subsequent to the judgment in the justice ejectment action. See *Capital Garage Co.* v. *Powell*, 98 Vt 303, 127 A 375.

The contract action is not a bar. Having elected to bring justice ejectment and to procure a judgment the plaintiff therein was barred from maintaining the contract action. *Sabourin* v. *Woish, supra*. An unsuccessful attempt to claim a right, or pursue a remedy, to which a party is not entitled, will not deprive him of that to which he is entitled. So where a party, in ignorance of his rights, resorts to a supposed remedy and fails, he is not precluded from resorting to the remedy he in fact has. *Priest* v. *Foster*, 69 Vt 417, 423, 38 A 78. Nor did that action constitute an election of remedies. Election exists when a party has two alternative and inconsistent remedies, and is determined by a manifestation of choice; but the fact that a party wrongly supposed he had two such rights, and attempted to choose the one to which he was not entitled is not enough to prevent his exercising the other, if entitled to it. *Priest* v. *Foster, supra*, at p. 422.

The plea of the previous trespass action does not show that the plaintiff therein attempted to assert any right inconsistent with the present suit, hence the bringing of that action is not shown to be an election. Nor is that action a bar. After its discontinuance the cause of action remained, and the plaintiff therein was at liberty

to bring another action thereon. *Terrill* v. *Deavitt,* 73 Vt 188, 50 A 801.

 Justice ejectment is given for the wrongful holding over of demised premises, and thus has all the characteristics of eject- ment. The "rent" for which judgment may be had under it means a fair and reasonable compensation or return for the use of the premises, and does not necessarily mean the rent stipulated in the lease. *Sabourin* v. *Woish, supra.* It appeared in that case that the rent claimed at the hearing on the justice ejectment action ex- ceeded the amount of $200.00 which the plaintiff could recover under V. S. 47, § 2011, and that upon his subsequent waiver of all damages he had judgment for a writ of possession, one cent dam- ages and his costs. Had the plaintiff in the justice ejectment action brought ejectment and obtained judgment at the date upon which he obtained judgment in that action, he could have recovered un- der V. S. 47, § 1985, the possession of the premises the same as in the justice ejectment action, and could have recovered mesne profits. *Toussaint* v. *Stone,* 116 Vt 425, 430, 77 A2d 824; *Capital Garage Co.* v. *Powell, supra,* pp. 306, 307; *Lippett* v. *Kelley,* 46 Vt 516, 524; *Strong* v. *Garfield,* 10 Vt 502; *Brinsmaid* v. *Mayo,* 9 Vt 31, 34, 35. Mesne profits at common law were the pecuniary gains and benefits received by the disseizor during his unlawful occupancy, and the term is commonly used to denote the damages recoverable in ejectment. These may be measured by the rental value of the premises, or they may be more. When the rental value, alone, com- pensates the plaintiff, it governs the award of damages; when that value falls short of such compensation, it does not. Compensation being the basis of the recovery, the wrongdoer must respond for gains prevented as well as for losses sustained, so far as the same are sufficiently alleged and proved. *Capital Garage Co.* v. *Powell, supra,* pp. 307, 308. The plaintiff could also, if specially alleged, have recovered in ejectment such consequential damages as had re- sulted from the acts of the defendant, Chester A. Woish, while in wrongful occupation of the premises. *Toussaint* v. *Stone, supra; Executors of Judevine's Estate* v. *Trustees of Caledonia County Grammar School,* 93 Vt 220, 239, 240, 106 A 836; *Lippett* v. *Kelley, supra.*

 It is an inflexible rule that all damages resulting from an entire and indivisible cause of action must be assessed in one pro- ceeding, whether arising from contract or tort. A recovery for one

part will bar a subsequent action for the whole, the residue, or another part. The form of action pursued is immaterial. Failure to choose an appropriate remedy to recover all the damages in the first action does not alter the rule. *Louden Machinery Co.* v. *Day,* 104 Vt 520, 524, 525, 162 A 370, and cases cited. Hence, when no damages, or only nominal damages are recovered in an action of ejectment the judgment therein is a bar to any future action for mesne profits. *Strong* v. *Garfield, supra; Brinsmaid* v. *Mayo, supra; Walker* v. *Hitchcock,* 19 Vt 634, 637. For like reason a judgment in justice ejectment for nominal damages is a bar to any future action for rent due prior to the judgment, both as to the amount recoverable in that action and as to any excess. To hold to the contrary would permit a plaintiff to split his cause of action as to any excess. Having elected to take judgment in the justice ejectment action, the plaintiff therein is in the same position as though he had reduced his claim so as to bring it within the jurisdiction of a justice of the peace, as in *Warren* v. *Newfane,* 25 Vt 250; and in *Danforth* v. *Streeter,* 28 Vt 490, 494, where the judgments obtained were held to be a bar as to the whole claim.

Since the cause must be reversed we express no opinion as to whether the bringing of the present action in any way infringes the rules about the election of remedies and splitting a cause of action relative to injuries to the property or the recovery of expenses of litigation, nor as to whether such expenses of litigation can be recovered. As to these matters the briefing of both sides is of little assistance. If it should turn out, as suggested in the replication, that the plaintiffs were unaware of the injuries to the property until after the defendants had vacated it, there may possibly be no election of remedies or splitting of the cause of action as to such injuries. See. *Jacquith* v. *Smith,* 112 Vt 353, 359, 24 A2d 341; 18 Am Jur, Election of Remedies, § 22; 1 Am Jur, Actions, § 100.

*Judgment reversed, and cause remanded with leave to defendants to apply.*