558 P.2d 632

Ronald I. DUMAS and Shannon Dumas, husband and wife, Plaintiffs-Appellants,

v.

Mary ROPP, as widow and sole heir of Kenneth Ropp, et al., Defendants-Respondents.

No. 12221.

Supreme Court of Idaho.

Jan. 5, 1977.

Daniel P. Featherston, Sandpoint, for plaintiffs-appellants.

Nicholas M. Lamanna of Cooke & Lamanna, Priest River, Paul D. McCabe, Coeur d'Alene, for defendants-respondents.

McFADDEN, Chief Justice.

This action was instituted by plaintiffs-appellants Ronald I. Dumas and Shannon Dumas, his wife, against Mary Ropp (widow and sole heir of Kenneth Ropp, deceased), Rueben Akre and wife, and Diamond International Corporation as defendants-respondents. The action was filed on July 22, 1975, seeking damages for a trespass which occurred in 1970. On motion the action was dismissed on the grounds that the statute of limitations for trespass (I.C. § 5–218) had run against the plaintiffs-appellants, from which ruling this ap-

peal was perfected. Although the method by which the issue as to the applicability of the statute of limitations was raised was somewhat unorthodox, appellants make no issued of it on this appeal.

In their complaint the appellants allege they owned a quarter section of land adjoining a quarter section owned by respondent Ropp. They further allege that the respondents jointly, without knowledge or consent, of appellants "did * * * wrongfully, wilfully, maliciously, and unlawfully enter upon the property of the plaintiffs" and that they "did cut, girdle, or otherwise injure, destroy and take trees and timber on the land of the plaintiffs. * * *." Appellants allege damages for the reasonable value of the timber removed, further damages for the cost of cleaning up and restoring the natural condition of the land caused by respondents destroying and defacing the property and "leaving a mess." The appellants then allege that: "All or part of these damages constitute mesne profits for which the plaintiffs herein are entitled to recover from the defendants." They further allege that "by reason of the willful, intentional and unlawful trespass upon their property by the defendants, [they] are, pursuant to Idaho Code 6–202, entitled to treble the damages * * *."

The trial court, in its order granting respondents' motion for judgment, held that the action was barred by the provisions of I.C. § 5–218.[1] The court rejected appellants' contention that the action was one for "mesne profits," which would be governed by the provisions of I.C. § 5–215,[2] a six year statute. On this appeal, it is the appellants' position that the trial court erred in its ruling because of an erroneous concept of the meaning of the term "mesne profits."

■ In general, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief. *Wackerli v. Martindale,* 82 Idaho 400, 353 P.2d 782 (1960); *Stewart v. Arrington Construction Co.,* 92 Idaho 526, 446 P.2d 895 (1968).

Appellants' complaint is basically couched in the language of I.C. § 6–202, which provides an action for damages in trespass, as follows:

"Any person * * * who *cuts* down or carries off any wood or underwood, tree, or timber, or *girdles or otherwise injures* any tree or timber on the land of another person * * * is liable to the owner of such land * * * for treble the amount of damages which may be assessed therefor in a civil action * * *"

Nevertheless, appellants in their complaint allege that "All or part of these damages [taking of trees and timber and "leaving a mess"] constitute mesne profits for which the plaintiffs herein are entitled to recover from the defendants."

■ The term, "mesne profits" means "intermediate profits: that is, profits which have been accruing between two given periods." Blacks Law Dictionary, Rev. 4th ed., 1968. Mesne profits is most often defined as the value of the use or occupation of the land during the time it was held by one in wrongful possession and is commonly measured in terms of rents and profits. See *Stokes v. Van Seventer,* 355 P.2d 594 (Alaska 1960); *Stein v. Green,* 6 Ill.2d 234, 128 N.E.2d 743 (1955); *Sabourin v. Woish,* 117 Vt. 94, 85 A.2d 493 (1952).

■ In an action for mesne profits, the plaintiff may recover the mesne profits

---

1. I.C. § 5–218. "Statutory liabilities, trespass, trover, replevin, and fraud.—Within three years
    (1) * * *
    (2) An action for trespass upon real property. * * *"

2. I.C. § 5–215. "Action on judgment or for mesne profits of real property.—Within six years.
    1. * * *.
    2. An action for mesne profits of real property."

of the land and also all damages which have been sustained by reason of the disturbance of his possession by the defendant. See *Henry v. Davis*, 149 Ala. 359, 43 So. 122 (1907); *Kester v. Bostwick*, 153 Fla. 437, 15 So.2d 201 (1943). The value of timber cut and removed is recoverable as damages. *Henry v. Davis, supra*; *Anglin et al. v. Pennington*, 296 Ky. 142, 176 S.W.2d 277 (1943); *Neal v. Farm Development Corp.*, 42 So.2d 319 (La.App. 1949). Therefore, although appellants are somewhat imprecise in their statement that the damages they have allegedly sustained "constitute" mesne profits, the value of the timber may be recoverable as damages in an action for mesne profits.

An action for mesne profits is closely tied to an action in ejectment. See 3 Blackstone's Commentaries 198, 21st Ed.; *Martin v. Smith*, 214 Minn. 9, 7 N.W.2d 481 (1942). As such, it must necessarily be available as a remedy only where there has been an ouster or dispossession of the plaintiff, as this is a prerequisite to an action in ejectment. See *Long v. Godfrey*, 198 Ga. 652, 32 S.E.2d 306 (1944); *Winters v. Birch*, 169 Okl. 237, 36 P.2d 907 (1934). In general, any acts of ownership or control over the property *to the exclusion of the plaintiff* (emphasis ours) will constitute an ouster. *Inman v. Ollson*, 213 Or. 56, 321 P.2d 1043 (1958).

The district court ruled that appellants had not sufficiently alleged a claim of mesne profits in that no proprietary interest in the appellants' property was claimed and that there was, therefore, no allegation of the requisite wrongful detention or dispossession. Appellants have, however, alleged that they are entitled to mesne profits and, given the liberal pleading provisions of I.R.C.P. 8(a)(1), we cannot say that it appears beyond doubt that appellants cannot prove facts to support such a claim.

Judgment reversed and remanded for further proceedings consistent with this opinion.

DONALDSON, BAKES and BISTLINE, JJ., concur.

BAKES, Justice, concurring specially:

I agree with the majority that this complaint could not properly be dismissed unrer a 12(b)(6) motion for the additional reason that under the Idaho Rules of Civil Procedure the defense of the statute of limitations should not ordinarily be considered before a responsive pleading to the complaint is filed. Motions to dismiss under I.R.C.P. 12(b) go to the initial question of whether, for a variety of procedural or jurisdictional reasons, the court may consider the case, or whether there is a *prima facie* case to be considered. They do not permit factfinding with regard to the merits of a claim or a defense, and they do not contemplate requiring a party to develop facts in order to negate the merits of a claim or a defense. On the contrary, I.R.C.P. 8(c) provides that affirmative defenses, including the defense of the statute of limitations, must be pleaded in answer to the complaint. That is because the defendant has the burden of proving the facts in support of any affirmative defense which bars the action, and the plaintiff should not be required to anticipate affirmative defenses and then deny them, or allege contrary facts even before the affirmative defense is pleaded. As stated in 1A Barron & Holtzoff, Federal Practice & Procedure, § 281, p. 190 (1961):

"One objection to permitting the defense of limitations to be raised by [a Rule 12(b)(6)] motion is that there may be facts which have tolled the running of the statute which do not appear on the face of the complaint. It has been suggested that where plaintiff has shown facts which would make the statute of limitations a bar, it is incumbent on him, either in his initial pleading or by amendment thereof, to show why he falls under any exception to that bar. Yet this seems contrary to the requirement of simple pleading under Rule 8." (Footnote omitted).

The incongruity of requiring the plaintiff to anticipate affirmative defenses and then plead around them or negate them is best demonstrated when one examines the simple federal complaint forms approved by the United States Supreme Court and originally approved in Rule 84, I.R.C.P., pp. 431–432, forms 4–11. One wonders how the pleading philosophy behind those simple statements of a claim for relief contained in those form complaints, when viewed together with Rule 8(c) which expressly requires the defense of the statute of limitations to be raised in the answer as an affirmative defense, could ever be interpreted to require the plaintiff to negate the defense of statute of limitations in his complaint. The fact that some of the federal courts have chosen not to follow Rule 8(c) and have required plaintiffs to negate the defense of statute of limitations merely indicates that some judges are willing to take shortcuts at the expense of justice in some cases—a practice which doesn't seem to have much to commend it.

It is sometimes argued in support of the practice of permitting the statute of limitations to be raised by a 12(b)(6) motion that it is senseless to require a defendant to go to trial when the plaintiff's complaint shows that the statute has run. The short answer to that argument is that the defense of statute of limitations can be raised prior to trial by a motion for summary judgment where the parties are able to develop facts by way of affidavits, interrogatories or depositions, and thus determine whether there are triable issues of fact regarding the statute of limitations. Summary judgment is much the preferable way to handle statute of limitations defenses. Had that practice been followed in this case this whole appeal, with all of its attendant expenses, could have been avoided.

SHEPARD, J., dissents without opinion.