**ESTATE OF Clark M. YOUNG and Martha E. Carter Young, Plaintiffs-Appellees,**

v.

**Howard WILLIAMS, Defendant-Appellant.**

**No. 282, Docket 86–7710.**

United States Court of Appeals, Second Circuit.

Argued Dec. 3, 1986.

Decided Jan. 29, 1987.

Howard Williams, pro se.

Peter F. Langrock, Middlebury, Vt. (Langrock Sperry Parker & Wool, Middlebury, Vt., on the brief), for plaintiffs-appellees.

Before NEWMAN and MINER, Circuit Judges.*

---

* Judge Mansfield, originally a member of the panel, died on January 7, 1987. The appeal is being decided by the remaining members of the panel pursuant to Local Rule § 0.14(b).

JON O. NEWMAN, Circuit Judge:

Howard Williams appeals from a judgment of the District Court for the District of Vermont (James S. Holden, Judge) requiring him to pay $15,420 damages to the estate of Clark M. Young and $1,000 to Young's widow. The damages were imposed for injuries sustained by the decedent at an episode at a nursing home during a visit by Williams, his son-in-law. Because we conclude that the decedent's damage claim is barred by *res judicata*, we reverse.

The episode giving rise to the decedent's claim occurred on February 6, 1982. The decedent was then recuperating from an accident in which he broke both legs. According to appellees, Williams entered the decedent's room at the nursing home and forcibly stood the decedent on his feet, causing him to suffer considerable pain and forestalling his recovery. Williams claims that he was simply responding to the decedent's request to be assisted in returning to his bed from a chair.

On February 9, 1982, the decedent and his wife filed a suit against Williams in the Vermont Superior Court, seeking a preliminary and permanent injunction barring Williams from visiting or otherwise having contact with the decedent. In partial support of this relief, the complaint set forth the February 6, 1982, episode in the following terms:

On Saturday, February 6, 1982, at the Porter Medical Center, Porter Nursing Home, the Defendant, HOWARD WILLIAMS, did enter the nursing home and without permission, either by the nursing home attendants or the Plaintiff, even though he was not invited into the room, he nevertheless entered the Plaintiff's room and either negligently and carelessly forced the Plaintiff to stand on his two broken legs or did willfully and intentionally cause the Plaintiff to stand on his two broken legs, thereby causing him to suffer further injury to his legs, pain and discomfort and did further upset and cause the Plaintiff bodily harm and mental distress.

After the Vermont Superior Court issued a temporary restraining order, Williams sought to remove the injunction action to the District Court. The District Court remanded the suit to state court for lack of the requisite jurisdictional amount to satisfy diversity jurisdiction. 28 U.S.C. § 1332 (1982). On August 27, 1982, the decedent and his wife filed a second suit in state court. This second suit sought compensatory and punitive damages for the February 6, 1982, episode at the nursing home. Williams successfully removed this second suit to the District Court.

Thereafter, both suits proceeded to their respective conclusions. In the first state court suit, a final injunction was issued on March 1, 1984. At the hearing on the permanent injunction, a jury was impaneled and available to resolve any issues tendered to it. However, upon Williams' failure to attend the hearing, the state court entered the permanent injunction by default. Williams appealed from the final judgment in the first state court action, but the appeal was dismissed by the Vermont Supreme Court for failure to comply with its briefing schedule.

Meanwhile, the second suit, now removed to federal court, became the subject of protracted motion practice. Initially, Williams moved to dismiss, alleging, among other grounds, that the damage claim was barred by the first suit. Dismissal on this and other grounds was finally denied by the District Court in an order of October 1, 1984, because Williams' motion presented some issues that required factual resolution. Subsequently, on January 23, 1985, counsel for plaintiff acknowledged to the District Court that a final judgment had been entered by the state court in the first suit. Thereafter, the second suit was scheduled for trial. Upon Williams' failure to attend the trial, a default was entered, and a damage hearing was scheduled. *See* Fed.R.Civ.P. 55(b)(2). Prior to that hearing, Williams moved to set aside the de-

fault, contending, among other things, that his liability for damages was precluded on *res judicata* grounds by the final judgment in the first suit. Judge Holden rejected this defense, apparently believing that the first judgment operated to Williams' detriment in the second suit.[1] The damages were determined at a hearing before a magistrate, attended by Williams. Judge Holden entered judgment against Williams for $16,420, from which Williams appeals.

Appellees present no satisfactory reason why the defense of *res judicata* should not be upheld. Their brief states that in the first suit no damages were sought. But requests for relief do not limit the scope of *res judicata*. That defense precludes raising any claim arising from facts substantially identical to those pled in a prior lawsuit that has been concluded by a final judgment. *Berlitz Schools of Languages of America, Inc. v. Everest House,* 619 F.2d 211, 215 (2d Cir. 1980); *see Ruple v. City of Vermillion,* 714 F.2d 860, 861 (8th Cir.1983), *cert. denied,* 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984); *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201–02 (9th Cir.), *cert. denied,* 459 U.S. 1087, 103 S.Ct. 570, 74 L.Ed.2d 932 (1982); *Expert Electric, Inc. v. Levine,* 554 F.2d 1227, 1234 (2d Cir.), *cert. denied,* 434 U.S. 903, 98 S.Ct. 300, 54 L.Ed.2d 190 (1977). These general principles are followed by Vermont courts, *see Sabourin v. Woish,* 117 Vt. 94, 99–100, 85 A.2d 493, 497 (1953), whose *res judicata* rules we are obliged to follow, *see Allen v. McCurry,* 449 U.S. 90, 95–96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). Having set forth in their complaint in the first suit the precise factual allegations concerning the February 6, 1982, nursing home episode, appellees were at risk that a final judgment in that suit would bar a subsequent damage claim based on that episode.

At argument, counsel for appellees suggested that they could not have pursued their damage claim in the first state court suit because that claim had been removed to the federal court. We fail to see why the accident of available diversity jurisdiction should permit an otherwise improper splitting of a single cause of action into a claim for an injunction and a claim for damages. First, appellees could (and should) have moved to amend the first suit to add a claim for damages instead of filing a second suit. Second, even after the second suit was filed and removed, we see no reason why appellees could not have amended the first suit by adding a damage claim. It may well be that such an amendment would have precipitated a renewed petition for removal by Williams. Had the amendment resulted in removal, the removed first suit would undoubtedly have been consolidated with the removed second suit, thereby reuniting the claims that appellees have thus far succeeded in separating.

Appellees suggest that Williams' failure to attend the trial scheduled for determination of his liability on the damage claim prevents him from benefiting from *res judicata*. This case differs from the typical default situation where the defendant fails to appear at any time prior to default. Williams responded to the complaint with a motion to dismiss. By failing to attend the trial, he lost the opportunity to contest any factual issues that were resolved against him. However, his defense of *res judicata*, though initially deferred because of unresolved factual issues when his motion to dismiss was denied, no longer presented any factual dispute by the time the trial was scheduled. *Cf. Jones v.*

---

1. In an opinion filed November 26, 1985, Judge Holden wrote:
   Strangely enough, it is the defendant Williams who has advanced the doctrine of res judicata and collateral estoppel in asserting his opposition to the plaintiffs' motion for default.
   The court is persuaded that the preclusive effect of the defendant's failure to defend against his liability in this action is not significantly different from the preclusion that could be derived from the final judgment order entered by the state court in *Young v. Williams* I No. S25–82 AC.
   *Estate of Young v. Williams,* Civ. No. 82–388, slip op. at 9 (D.Vt. Nov. 26, 1985).

*Gann,* 703 F.2d 513, 515 (11th Cir.1983) (appropriate to raise *res judicata* defense on pretrial motion when "the defense's existence can be judged on the face of the complaint"). By then, plaintiffs' counsel had acknowledged to the District Court that a final judgment had been entered in the first suit. Under these circumstances, Williams was entitled to absent himself from the trial of the second suit and stand or fall on the correctness of the legal position that he had previously asserted with respect to the defense of *res judicata.*

Since the *res judicata* defense should have been upheld, the judgment of the District Court is reversed.