CHESTER J. GOSS *v.* AARON B. CONGDON.

Special Term at Rutland, November, 1944.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 2, 1945.

*William L. Scoville* for the plaintiff.

*Clayton H. Kinney* for the defendant.

SHERBURNE, J. On May 10, 1916, Lilla S. Ritchie and her husband, Frederick G. Ritchie, conveyed to Maud M. Adair by warranty deed a farm in Wallingford. After the description of the property conveyed there was inserted the following:

"Excepting from the operation of this deed the following reservations and easements: Land sold by Lillie S. & Frederick G. Ritchie to Town of Wallingford, recorded in Book 21, page 422—and Burying Ground just southwest of dwelling. Also all growing timber, excepting the sugar maples in that portion of the property at the west end of the lane leading to the sugar lot comprising an irregular strip commencing at the south boundary of said lot twelve (12) rods from the junction of the south and west boundaries and thence running parallel with said west boundary to a maple tree due east of the sap house; thence northeast to a point on the north boundary forty (40) rods from the said west boundary of said sugar lot.

"The said Maud M. Adair agrees and covenants to act as the agent of the said grantors by maintaining watch over the timber and other property of the grantors' and protect the same from unlawful seizure or destruction. The grantee further agrees to allow ingress and egress to the lands containing the property of the grantors together with the necessary occupancy of and right of way over the said timber lands for the purpose of removing and marketing the said timber." To the finding that the timber rights were excepted from the operation of the deed and, upon the death of Mrs. Ritchie, passed to her daughter without words of inheritance, the plaintiff excepted. He contends that the quoted language used in the deed can only be construed as a reservation.

We said recently in Nelson v. Bacon, 113 Vt 161, 169, 170, 32 A2d 140, 145, omitting citations: "The terms 'reservation' and 'exception' are often used as synonymous, and the intention of the parties, not the language used, is the dominating factor, and the circumstances existing at the time of the execution of the deed, the situation of the parties and the subject-matter are to be considered. . . . Technically, a reservation is some newly created right, which the grantee impliedly conveys to the grantor, while an exception is something withheld from a grant which would otherwise pass as a part of it. . . . A reservation . . . cannot create an estate or interest in a stranger to the deed, but can only operate to the benefit

of the grantor therein. . . . An effective exception may be made in favor of a third person not a party to the deed, in recognition and confirmation of a right already existing in him." In that case the deed in question used this language: "We also reserve to the said George White the right to pass from the common stairway on the second floor, cross the premises hereby conveyed, said passage to be at least three feet wide." As the deed referred to premises already granted to White, and on the same day the grantors had deeded to White such premises, together with this right to the passageway, it appeared that the quoted phrase must be taken as referring to an easement already granted to White, and therefore constituted a valid exception in his favor. So in *Roberts* v. *Robertson*, 53 Vt 690, 38 Am Rep 710, where the deed contained a description of the land conveyed and also this clause: "Said J. C. Roberts reserving lots sold, Nos. 1, 2, 3 . . .", and the opinion states: "The word 'reserving', used in the deed, in strict sense means 'excepting' ".

Here the deed uses this language: "Excepting from the operation of this deed the following reservations and easements." Then it mentions land sold to the Town of Wallingford and gives the book and page where the deed is recorded. Nothing can be clearer than that this land was withheld from the grant, and that here we have an exception in the strict sense. It follows that the growing timber and the right of entry to remove it were also withheld from the grant and excepted. As the plaintiff says in his brief, the word "excepting" must have the same sense as to all matters enumerated.

The plaintiff says in his brief that his bill of complaint is based on the view that the disputed right was a reservation in the technical sense, and that his case depends upon its construction as a reservation technically, and not as an exception. We agree. Since the deed contains an exception the plaintiff's case falls, and there is no need to consider his other exceptions.

*Decree affirmed.*