Charles B. Toussaint et ux *v.* Roland H. Stone

(77 A2d 824)

November Term, 1950.

Present: Sherburne, C. J., Jeffords, Cleary, Adams and Blackmer, JJ.

Opinion Filed January 2, 1951.

*Ralph Chapman* for the plaintiff.

*Douglas L. Tupper* and *Richard E. Gale* for the defendant.

ADAMS, J. This is an action of ejectment to recover the seisin and possession of land in Newfane. The declaration described the land by definite metes and bounds. The defendant pleaded the general issue and also that he had a vested right of possession and use of the premises by virtue of a recorded deed of the premises to Dorr W. and Mary A. Hudson, predecessors in title to the plaintiffs, which right is both prior and paramount to the rights, if any, of the plaintiffs to the premises. The case was submitted to the court on an agreed statement of facts. Judgment thereon was for the defendant. The case is here on exceptions of the plaintiffs thereto.

The following facts appear from the agreed statement. The plaintiffs are the owners of a parcel of land which includes within its boundaries the premises herein demanded. Dana Dunton was the owner of the land in 1940 and while the owner he orally granted to the defendant and one Robert Bingham the right to use the demanded premises as long as they so desired and to build a cabin upon them. At the time of making this grant, Dunton said the defendant must pay him a dollar a year. Dunton never took the dollar, however, saying he wanted the defendant to understand business methods. Dunton conveyed a parcel of land, including the demanded premises, to Dorr W. & Mary A. Hudson by deed dated July 24, 1943. This deed contained a reservation in the following language:

> "Also excepting and reserving to one Stone and Bingham the right to maintain a camp at the top of the hill leading to the upper part of the premises

herein conveyed and to have use of the land from a point on the southerly side of the road and at a point on the stone wall of the west line of the land herein conveyed to the grantee, thence easterly along said road to a large poplar tree, thence southerly to the brook, thence westerly along said brook to a stone wall, thence along said stone wall in a northerly direction to the place of beginning.

"As to the last two reservations, if at any time in the future the parties give up said camps, they cannot sell the same but must remove the same."

Then follow the deeds in the chain of title to the land showing that the plaintiffs acquired their title to the land including the demanded premises by deed from Viola W. & Thomas W. McGee dated November 27th, 1946. None of said deeds contained any reservations except the one to the McGees. That deed contained the following recital: "Also subject to certain leases given to * * * one Stone and to others." All of said deeds were recorded. The defendant went into possession of the premises in 1940, built a cabin thereon and is still in possession. In October, 1947, the plaintiff, Charles Toussaint, ordered the defendant off the demanded premises but he declined to leave. On or about October 24, 1947, the defendant tendered the plaintiffs one dollar as annual rent for the demanded premises. The plaintiffs refused the tender and returned the money. On or about December 12, 1947, the plaintiffs began an action of justice ejectment in the Brattleboro Municipal Court which was dismissed for lack of jurisdiction. The present action was begun in the Windham County Court on September 30, 1949.

■ We are here dealing with an agreed statement of facts and only necessary inferences arising therefrom can be drawn or considered. *Grand Lodge of Vermont* v. *City of Burlington,* 104 Vt 515, 517, 162 A 368.

The description of the demanded premises in the writ is the same as set forth in the above quoted so-called reservation in the deed from Dunton to the Hudsons. The defendant in his pleadings relies upon that deed and its record for his right of possession and use of the premises. That is the only right mentioned in his brief.

■ A reservation cannot create an estate or interest in a stranger to a deed but can only operate to the benefit of the grantor therein. An effective exception may be made in favor of a third

person not a party to the deed in recognition and confirmation of a right already existing in him. *Nelson* v. *Bacon,* 113 Vt 161, 170, 32 A2d 140, and cases cited; *Goss* v. *Congdon,* 114 Vt 155, 156-157, 40 A2d 429. The case of *Keeler* v. *Wood,* 30 Vt 242, cited by the defendant does not help him. In that case the dower or life estate of the widow covered by the exception or reservation had already been set out and was in existence. In any event, that opinion must be read in connection with the holdings of this Court in the two cases just cited.

Here the defendant was not a party to the deed from Dunton to the Hudsons. He was a third party and a stranger to it. The language quoted from that deed was, therefore, an exception. It recognized and confirmed a right that already existed in the defendant. This was created when Dunton, the then owner, granted orally to the defendant and one Bingham the right to use the demanded premises as long as they desired and to build a cabin on them and when he said that the defendant must pay him a dollar a year. It is necessary to determine the nature of that right.

■ It involved the use of a definite piece of land as well as the right to build a cabin thereon upon payment of a dollar a year. This was rent and the defendant so understood it for the agreed statement of facts states that he tendered the plaintiffs that sum as annual rent. It was more than a license, for a license is the authority to do some act or acts upon the land of another and does not pass an interest in the land. *Clark* v. *Glidden,* 60 Vt 702, 705, 15 A 358; 51 CJS, Landlord & Tenant, 763; *Smith* v. *Royal Ins. Co.,* 111 F2d 667, 130 ALR 812.

■ ■ The defendant went into possession of the land under an agreement with the owner and rent was to be paid. This created the relationship of landlord and tenant. *Crawford* v. *Jerry,* 111 Vt 120, 11 A2d 210; *Smith* v. *Royal Ins. Co., supra.* The agreement being oral, it created a tenancy at will only under our statute, V. S. 47, § 2649; *Amsden* v. *Atwood,* 68 Vt 322, 332, 35 A 311; *Abbott* v. *Lapoint,* 82 Vt 246, 249, 73 A 166.

■ ■ A tenancy at will may, as the definition implies, be terminated at any time by either the landlord or tenant. 51 CJS Landlord & Tenant, § 167; 32 Am Jur § 67. It can be terminated by any act or declaration inconsistent with the voluntary relationship of landlord and tenant, as notice to quit, threat of legal means to recover possession, anything that amounts to demand of possession,

the bringing of an action to recover possession which fails. *Amsden v. Blaisdell,* 60 Vt 386, 390, 15 A 332; *Mayo, Admx.* v. *Claflin,* 93 Vt 76, 79, 106 A 653. Here the plaintiffs ordered the defendant off the premises, refused to take the rent and brought an action of justice ejectment which failed. Any one of these acts was sufficient to terminate the tenancy.

Being a tenant at will only the defendant, however, was entitled to a reasonable time after the termination of the tenancy in which to procure other accommodations and remove his property. *Mayo, Admx.* v. *Claflin, supra* at 81, and cases cited. Here, as the plaintiffs say in their brief, that would be the time necessary to gather up his property, dismantle and remove his cabin and depart. This action was not brought until nearly two years after the plaintiffs had terminated the tenancy by the acts before mentioned. That, without question, was a reasonable time.

The defendant calls our attention to a statement in an annotation in 39 ALR 132 to the effect that the acceptance of a deed containing an exception in favor of a third person will preclude the grantee from interfering with such third person's exercise of the right excepted, even though the exception may not convey any right to such third person. It must be remembered that the exception in the instant case involved a tenancy at will only. The defendant has had the benefit of all rights in such a tenancy. The statement in the annotation and the cases cited thereunder are not in point. In them the exception involved more than a tenancy at will.

In the case of an exception, the deed of the whole passes what is embraced in the terms of the grant less what is included in the exception. 16 Am Jur Deeds, § 298. The plaintiffs acquired the land including the demanded premises, subject only to the tenancy at will of the defendant. As we have seen the tenancy at will could be terminated at any time in the manner here done and an action maintained after a reasonable time had elapsed for the lessee to find other accommodations and remove his property. All rights of the defendant as a tenant at will have been fully recognized by the plaintiffs.

Moreover, a deed by the owner of property terminates a tenancy at will and the transferee is entitled upon giving reasonable notice to the tenant at will to vacate the premises to maintain an action to recover possession of the premises. *Sweeney* v. *Dahl,* 140 Me 133, 34 A2d 673, 151 ALR 356; 32 Am Jur Landlord & Tenant,

§ 69; 51 CJS Landlord & Tenant, § 169; Annotations 120 ALR 1006; 151 ALR 370. The defendant's tenancy was terminated in that manner. The notice to quit was then given a reasonable time before this action was brought.

The plaintiffs were entitled to maintain this action and recover seisin and possession of the demanded premises. It was error to enter judgment for the defendant.

The plaintiffs in their brief and in oral argument claim that if judgment is reversed the cause should be remanded with directions to grant a writ of possession, to assess the plaintiffs' damages and enter judgment for the plaintiffs thereon. They say that the damages should include attorney's fees as consequential damages resulting from the defendant's wrongful possession. Assuming, without deciding, that they are a proper element of damages in an ejectment case, it does not follow that the plaintiffs are entitled to recover them here.

Our statute, V. S. 47, § 1985 provides, "if a judgment is rendered for the plaintiff in an action of ejectment, he shall recover his damages and the seisin and possession of the premises." This Court held in an early case, *Strong* v. *Garfield,* 10 Vt 502, 503, that, under the statute, the plaintiff recovers the mesne profits in an action of ejectment as damages occasioned by the trespass and that where no evidence of mesne profits is given on trial the judgment is for nominal damages only.

 Mesne profits are the annual value of the land or in other words what its use is worth. Under the statute in an action of ejectment, in addition to mesne profits, the plaintiff is entitled to recover such consequential damages as have resulted from the acts of the defendant while in the wrongful occupation of the premises. *Executors of Judevine's Estate* v. *Trustees of Caledonia County Grammar School,* 93 Vt 220, 239-240, 106 A 836. In order to recover such special damages they must be alleged in the declaration. *Lippett* v. *Kelley,* 46 Vt 516, 524. We express no opinion as to whether attorney's fees may be included as an element of consequential or special damages. In the instant case neither such fees or any consequential or special damages are alleged in the declaration. In fact not even the loss of mesne profits as rent or otherwise is alleged. All that the plaintiffs seek in the writ is that the defendant be ordered to render to the plaintiffs the seisin and possession of the premises and to pay the plaintiffs their just costs in the action.

The case was submitted on an agreed statement of facts. There is nothing said therein about mesne profits as damages or anything about consequential or special damages or from which either can necessarily be inferred. The plaintiffs were content to rest their case upon that statement. It is as if no evidence had been introduced upon those matters. If the plaintiffs had prevailed in the trial court the only damages the court could have awarded upon the agreed statement would have been nominal. The plaintiffs in a situation of their own making could not have been heard to complain. We will enter such a judgment here as the trial court should have done.

*Judgment reversed. Judgment that the plaintiffs recover of the defendant the seisin and peaceable possession of the premises described in the writ and nominal damages of one cent and their taxable costs.*