Filed 12/30/24

VERMONT SUPERIOR COURT

Orange Unit
5 Court Street
Chelsea VT  05038
802-685-4610
www.vermontjudiciary.org

CIVIL DIVISION

Case No. 24-CV-04467

| John Morrissey v. Christopher Wood |
| --- |

## ENTRY REGARDING MOTION

Title:           Motion for Default Judgment; Motion for Judgment; Motion for Default Judgment; Motion for Judgment ; and Fees; of utilities motion; utilities costs since date of filing (Motion: 1; 2; 3; 4)

Filer:           Sheilagh C. Smith; Sheilagh C. Smith; Sheilagh C. Smith; Sheilagh C. Smith

Filed Date:      December 24, 2024; December 24, 2024; December 24, 2024; December 24, 2024

The Judicial Asst shall schedule a motion hearing.

Plaintiff John Morrissey filed the present verified complaint seeking ejectment under 12 V.S.A. § 4761 based on termination of Defendant Wood's tenancy of a dwelling unit located at 1453 Chelsea Road in Williamstown, Vermont.  Plaintiff's complaint is premised on a termination of the tenancy under 9 V.S.A. § 4467(b)(2).  This provision allows a landlord to terminate a residential tenancy with 14 days of notice for criminal activity and illegal drug activity.

In this case, Plaintiff has provided copies of the supporting affidavits and the criminal information filed against Defendant Wood by the Orange County State's Attorney, which allege that Defendant Wood was involved in criminal and drug activity at the dwelling unit, which have threatened the health and safety of other residents at the dwelling unit and in the surrounding area.

Plaintiff filed the present complaint on November 4, 2024, and he caused Defendant Wood to be served on November 14, 2024.  In the complaint, Plaintiff admits that there is no written lease, and the nature of the parties' relationship appears to be outside of the normal landlord-tenant relationship envisioned or covered by the Vermont Residential Rental Act.  Specifically, the complaint indicates that Plaintiff owns raw land with utilities and a hook-up at 1453 Chelsea Road in Williamstown, Vermont.  In June of 2023, Plaintiff agreed to allow Defendant to place a mobile home on the property and begin to reside at the property.  There was no written lease or agreement, and there was no arrangement for monthly rent.  Instead, Plaintiff indicates that Defendant agreed

to reimburse Plaintiff for all utilities used at the property. When the complaint was filed, the amount of the unpaid utilities was $4,670.41. Plaintiff through more recent motions indicates that the amount has increased by $204.91 to $4,875.32. Plaintiff also seeks his attorney's fees and court costs involved in this process. To date, Defendant Wood has not filed an answer, a notice of appearance, a dispositive motion (such as a motion to dismiss), or otherwise asserted or defended his interests in the present case within the 21 days allowed under V.R.C.P. 12(a). Plaintiff has filed for default judgment under V.R.C.P. 55(c), and he seeks judgment on all claims.

There are several problems with the present motion. First, the Vermont Residential Rental Act (9 V.S.A.§§ 4451–4468a), by definition, applies to rental agreements formed between landlords and tenants for dwelling units as these terms are defined under 9 V.S.A. § 4451. Under these terms, a landlord is defined as the owner of a dwelling unit held out for rent. The tenant is person entitled to occupy a residential dwelling unit. A rental agreement means a written or oral agreement embodying terms and conditions concerning the use and occupancy of a dwelling unit and premises. A dwelling unit is defined as "a building or part of a building that is used as a home, residence, or sleeping place by one or more person . . . ." 9 V.S.A. § 4451(3). In this case, Plaintiff Morrissey is not Based on the verified complaint and Defendant Wood's failure to respond, Plaintiff Morrissey is not the owner of the dwelling unit at issue. He is the owner of real property on which Defendant Wood has located his mobile home, but the nature of the relationship is more consistent with a mobile home park owner than a residential landlord under 9 V.S.A. § 4451.

Under the plain language of the statute, the parties' agreement was not a "rental agreement" as that term is defined in the Vermont Residential Rental Act. Plaintiff Morrissey is also not a "landlord," and Defendant Wood is not a "tenant" as those terms are used and defined under the Vermont Residential Rental Act. Therefore, the provisions of the Vermont Residential Rental Act are not strictly applicable to the parties or to their lease, and neither Morrissey, nor Wood are bound to the specific statutory terms and obligations of the Act, including but not limited to the requirements of notice and termination under 9 V.S.A. § 4467. 9 V.S.A. § 4453. While Morrissey appears to have complied with these provisions, the Court cannot proceed or analyze this relationship under the Residential Rental Act because it does not apply.

The Court has also examined whether the parties' relationship is governed by the Vermont Mobile Home Act. Given that Morrissey does not appear to operate a mobile home park as that term is defined, the statutes applying to ejectment actions with mobile homes under the Act do not

apply to the present action. 10 V.S.A. § 6201 (defining "mobile home park" to mean a parcel where two or more lots are rented for mobile home use and occupancy) and 10 V.S.A. § 6237 (applying to evictions of leaseholders in mobile home parks). The Court will further note that the agreement between the parties was oral, and under Vermont law, a party seeking to enforce an agreement that lasts for one year or more must put that agreement in writing. 12 V.S.A. § 181. As an oral agreement for an extended lease, the parties have not established the necessary writing, on which the Court can base either the enforcement or denial of specific terms and provisions. Id.; see also 27 V.S.A. § 302 (requiring long-term leases to be recorded in the land records to be enforceable against third-parties).

Given that neither the Residential Rental Act, the ejectment provisions of the Vermont Mobile Home Act, or even certain provisions of contract law do not apply to the present matter, the Court must look to the common law for the framework in which to evaluate the parties' lease for land and to define the parties' relationship and rights. In this respect, the Court recognizes that the parties' actions created a lease for land and a landlord/tenant relationship. In this respect, the cause of action here more closely resembles a cause of action for entry and detainer under 12 V.S.A. § 4921. Under the common law concept of tenancy and entry and detainer, a party need only show that they communicated the end of the tenancy to the tenant, and that the tenant has remained in possession of the property. 12 V.S.A. § 4921; *Toussaint v. Stone*, 116 Vt. 425, 428 (1951).

> A tenancy at will may, as the definition implies, be terminated at any time by either the landlord or tenant. It can be terminated by any act or declaration inconsistent with the voluntary relationship of landlord and tenant, as notice to quit, threat of legal means to recover possession, anything that amounts to demand of possession, the bringing of an action to recover possession which fails.

Id. at 428–29.

In this respect, Morrissey's complaint shows that he no longer wishes to be in a rental relationship with Wood, and his further verified pleadings indicate that Wood has remained on the property with his possessions, despite this notice. What Morrissey's complaint and motions do not answer is how much time Wood would need to remove his mobile home and possessions. As

*Toussaint*, indicates even an at-will tenant is "entitled to a reasonable time after the termination of the tenancy in which to procure other accommodations and remove his property." Id at 429.[1]

Given the issues that the Court has raised with Morrissey's complaint and cause of action, and the additional information necessary, a default judgment at this time is inappropriate. Nevertheless, these issues can likely be addressed at a hearing under V.R.C.P. 55(c)(3).

As to the damages that Plaintiff seeks, the Court understands that the basis for the utilities arises from the parties' oral agreement and constitute part of the consideration for the lease relationship. As such, they are allowable under contract law, 12 V.S.A. § 4917 and 12 V.S.A. § 4854. Plaintiff's request for court costs and service fees will follow under V.R.C.P. 54(d) if and when he is entitled to a final judgment. As to Plaintiff's request for attorney's fees, 12 V.S.A. § 4854 does not allow attorney's fees unless there is a written lease to the contrary. Without statutory authority, a request for attorney's fees falls under the American Rule, which does not allow a party to recovery attorney's fees, except under specific circumstances that have not been plead or shown in this case. *Knapmiller v. Bove*, 2012 VT 38, ¶ 4. Given the lack of such basis, Plaintiff's request for Attorney's fees is **Denied**.

## ORDER

Based on the foregoing, the Court will set this matter for a 30-minute hearing under V.R.C.P. 55(c)(3) to allow testimony from Plaintiff regarding the nature of the rental relationship and its termination as well as the options for Defendant to remove his personal property. At such hearing, Plaintiff may submit additional evidence and testimony regarding his damages and the right to possession that he seeks from the Court in this matter.

Electronically signed on 12/26/2024 6:01 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge

---

[1] As a practical matter, Plaintiff will need to address what options exist for Defendant to remove his mobile home from the property as well as a reasonable timeframe. If Defendant appears at the hearing, the Court will allow him to testify on these matters as the Court will have to make findings and an order concerning this personal property.