VERMONT SUPERIOR COURT

Orange Unit
5 Court Street
Chelsea VT  05038
802-685-4610
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 25-CV-01755



Gianna Charland et al v. Henry Lefebvre

## ENTRY ORDER

The parties came before the Court for a preliminary injunction hearing.  The Court took testimony from Plaintiff Macaskill regarding the parties' relationship and right to be present on the property.  The Court makes the following findings.

Plaintiffs purchased a fifth-wheel trailer in early-April 2024.  They arranged with Defendant to place the trailer on his property, and Defendant marked the spot selected with stakes.  Defendant allowed Plaintiffs to connect to his electricity and use facilities in his house.  Plaintiffs did not immediate pay Defendant rent for the spot, but they made three payments of $200 in August, $180 in September, and $120 in October of 2024.  Plaintiffs have not made any other payments.

On April 15, 2025, Defendant sent the parties a notice of termination notifying them that their right to remain on the property would end on April 30, 2025.  Plaintiffs filed the present complaint and motion for preliminary relief.

### Legal Analysis

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (quoted in *Taylor v. Town of Cabot*, 2017 VT 92, ¶ 19).  In reviewing a motion for a preliminary injunction, the moving party bears the burden of establishing each element of a preliminary injunction claim and demonstrating that each factor warrants the imposition of a preliminary injunction. *Taylor*, 2017 VT 92, at ¶ 19.  The elements of a preliminary injunction under Vermont law include: "(1) the threat of irreparable harm to the movant; (2) the potential harm to the other parties; (3) the likelihood of success on the merits; and (4) the public interest." Id. (quoting *In re J.G.*, 160 Vt. 250, 255 n.2 (1993)).

In this case, the Court finds for the purposes of the preliminary motion that Plaintiffs have established sufficient information to show a likelihood of success on their claim that they are tenants on defendant's property. The facts, at this point, indicate that Plaintiffs were given permission to place their trailer on Defendant's property in a particular location and that this right was indefinite and included compensation for a portion of Defendant's out-of-pocket expenses to cover the Plaintiffs' use and occupancy of the property.

At the same time, the evidence also demonstrates that the rental relationship is not covered by the Vermont Residential Rental Act. 9 V.S.A. §§ 4451, et sec. As outlined in the Court's first decision on Plaintiffs' motion for a temporary restraining order, issued on April 23, 2025, the facts indicate that the relationship between the parties does not fall under the definition of a rental agreement as defined by the Vermont Residential Rental Act. 9 V.S.A. § 4451 (3), (4), (8), and (10) (defining rental relationship to involve the use and occupancy of a "dwelling unit" provided by landlord). Therefore, neither Plaintiffs nor the Court can use the terms and standards of the act for termination of tenancy as they do not apply.

Instead, the Court finds that the Plaintiffs have established a likelihood that they are parties to a common law tenancy. This type of tenancy governs situations where parties agree to rent land. See *Toussaint v. Stone*, 116 Vt. 425, 428–29 (1951) (describing the standards for terminating a common law tenancy). Under a common law tenancy, a landlord does not need to provide lengthy notice. Id. They must simply notify the tenant that the rental relationship has ended. Id. Defendant has done exactly this in the present case by providing notice to Plaintiffs that their right to continue to occupy the premises has been terminated.

What common law tenancies do provide is the ability of a tenant to seek time to remove themselves and their possessions from the property. Id. In this case, after testimony, the Court finds that 30 days is a reasonable amount of time for Plaintiffs to secure another location for their trailer and to remove their trailer. Based on this, the Court will extend the preliminary injunction until June 13, 2025. During this time, Plaintiffs may continue to reside in the trailer on Defendant's property and enjoy the same service connections that they have enjoyed from the start of their occupancy.

The Court finds this relief to be appropriate in light of the elements of a preliminary injunction. If Plaintiffs proceeded to trial, they would likely be able to show that they had a common law tenancy and would be entitled to seek a reasonable amount of time to remove their trailer. If a preliminary injunction is not granted, then Plaintiffs would lose their housing, which in this case would constitute irreparable harm. Defendant is not prejudiced by this ruling as his counsel agreed that he would be willing to agree to

allowing Plaintiffs 30 days to remove their possessions. Finally, the Court finds that an extension of time is consistent with public policy, which favors orderly ends to tenancies and the preservation of party assets.

By granting this injunction, however, Plaintiff are receiving the most relief that they would ultimately be entitled to receive under the common law. Their tenancy is terminated, and the Court is granting this 30-day period strictly for the purposes of removing their assets and possessions. Additional relief would go beyond their rights and relief they are entitled to receive under the common law. Therefore, the Court will also issue a Writ of Possession in favor of Defendant against Plaintiffs to be executed no earlier than June 14, 2025. This will formalize Defendant's right to re-take the property under the common law after the termination of the tenancy, which has occurred. *Toussaint*, 116 Vt. at 429.

## ORDER

The Court extends the temporary order for Plaintiffs until June 13, 2025. The Court also grants a writ of possession to Defendants against Plaintiff to be executed no earlier than June 14, 2025.

Electronically signed on 5/13/2025 4:20 PM pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge

Joyce E. Mc Keeman
Assistant Judge

The Hon Laurel Mackin
Assistant Judge