VERMONT SUPERIOR
COURT

Orange Unit
5 Court Street
Chelsea VT  05038
802-685-4610
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-CV-00057

| Andrew Stacy v. Douglas Burns et al |
| --- |

# FINDINGS, CONCLUSIONS, AND JUDGMENT

The present matter is an eviction.  Plaintiff Andrew Stacy seeks to remove Douglas
Burns and Stephanie Austin from their dwelling unit at 243 Seaver Road in Williamstown,
Vermont.  This matter came before the Court for a bench trial on April 21, 2025.  Both
parties presented evidence and testimony regarding the eviction.  Based on this hearing,
the Court makes the following findings and conclusions.

_Factual Findings_

Burns and Austin began occupying the mobile home at 243 Seaver Road in 2018.
At the time, Justin Lawrence owned the mobile home and property.  Defendants testified
that about three years ago Lawrence effectively abandoned his responsibilities as
landlord and that they had been performing their own repairs and maintenance to the

property. It is not clear, but it appears that Burns and Austin had stopped paying rent to Lawrence during this time.

In May of 2024, Lawrence sold the property and mobile home to Stacy who was working with his parents to secure his first home. Following the sale, Stacy sent Burns and Austin a notice to terminate tenancy based on the sale but gave them only 30 days to vacate the premises. In August 2024, Stacy filed an ejectment action based on this termination, but he soon withdrew it because the notice was incorrect. To terminate a tenancy for no cause, Stacy needed to give Burns and Austin 90 days of notice, and if he had intended to evict based on the sale of the property, then notice needed to go to Burns and Austin before the sale. The result was notice that was neither fish nor fowl under 9 V.S.A. § 4467, which governs how notices of termination must be given under the Vermont residential rental act.

On August 27, 2024, Stacy and his mother hand delivered a new notice of termination for 90 days that became effective November 27, 2024. It is on this notice that the present ejectment is based.

Burns and Austin and their family continue to reside in the rental unit. At no time has Stacy sought or demanded rent from Burns and Austin, and the Defendants have lived rent-free during Stacy's ownership. Stacy states that while the eviction is for no cause, his intent is to clean up the property and occupy it himself as his first home.

Burns and Austin raised only two defenses to Stacy's complaint. Burns and Austin, in their answer, claim that the eviction was filed in retaliation for complaining about habitability issues. Burns and Austin cite to the rebuttable presumption of retaliation under 9 V.S.A. § 4465. The Defendants' second defense is that their middle child has been recently diagnosed with autism and is currently enrolled in a good program in the Williamstown school district. They fear any termination before June 19th could disrupt his educational resources.

Taking the first affirmative defense, Stacy, through his mother's testimony, and exhibits presented persuasive evidence that the present eviction is not retaliatory. This evidence is sufficient to overcome the presumption. The evidence indicates that the habitability issues pre-date Stacy's ownership and go back to the prior owner's neglect. Burns and Austin have long known of these issues and have acted to repair and maintain where possible and have withheld rent for several years. The evidence shows that Stacy did not buy the property with the intent of being a landlord and that he intended to occupy the property himself. The first complaint was filed in error based on technical deficiencies, and Stacy has consistently refused rent and has disclaimed his role as a landlord. Put plainly, Stacy bought the property for himself. He intended to have any tenants vacate before he took possession, but he did not purchase with the intent to maintain or provide landlord services. As such, the present action is not retaliatory or malicious. It is an effort as a new owner to control and possess the land that he purchase and to legally end the rental relationship that pre-dates his ownership and

control.  For these reasons, the Court finds no retaliatory intent or purpose to the present litigation, and Stacy has satisfied his burden to burst the presumption under 9 V.S.A. § 4465.

As to Burns' and Austin's second defense, there are two problems with granting any judgment or delay on their child's educational situation.  First, the law does not have provisions in the rental act to prevent or delay an eviction based on personal circumstances.  Second, the Court takes judicial notice that there are legal protections, such as the McKinney-Vento Act 1(42 U.S.C. § § 11431, et seq.) that provide guarantees that their children may remain enrolled in their present school through the completion of the school year even if their housing circumstances change, and they are pushed out of the district.

The Court recognizes that Burns and Austin face hard choices and difficult circumstances in this eviction.  They have lived at the property for seven years, and for the last three they have acted alone to maintain the property.  They have sought alternative housing, but their means are limited.  Mr. Burns runs an e-bay business out of his home, which means the home is not only a residence but a place of business and warehouse for his inventory.  Every eviction requires one party to upend their lives, to remove to a new location, and to make substantial changes.  This is not an easy task for individuals with means and resources.  For families on the margins, it can be all consuming and devastating.  In this case, Burns and Austin face significant hurdles.

*Legal Conclusions*

Under 9 V.S.A. § 4468, a landlord who properly terminates a lease is entitled to bring an ejectment action under 12 V.S.A. §§ 4761, et sec. to seek damages and return of possession. In this case, Plaintiff Stacy seeks possession of the rental property and does not seek any monetary damages. Under 12 V.S.A. § 4854, if a landlord demonstrates that he is entitled regain possession, then the Court shall issue judgment for possession.

In this case, Stacy has demonstrated, based on the evidence and testimony, that he is entitled to judgment pursuant to 12 V.S.A. § 4854. Burns and Austin have lived at the property for 7 years and pursuant to both Vermont common law and the terms of their lease, they have a month-to-month tenancy, otherwise known as a tenancy at will. Stacy has established that he properly drafted and delivered the termination of tenancy on August 27, 2024. This notice complies with 9 V.S.A. § 4467, and it gave Defendants 90 days to vacate the premises as allowed under Section 4467 of the termination of their tenancy on November 27, 2024. 9 V.S.A. § 4467(c)(1)(B). Burns and Austin continue to occupy the rental unit despite the termination of their tenancy.

As a no cause eviction, Stacy need not establish the basis for the eviction, but he has provided sufficient grounds to overcome any presumptions under 9 V.S.A. § 4465 concerning retaliation.

At the same time, the Court finds that Defendants Douglas Burns and Stephanie Austin have demonstrated evidence of hardship and issues with removing themselves from the rental unit specifically related to the length of time that they have lived at the

25-CV-00057 Andrew Stacy v. Douglas Burns et al

property, Mr. Burns' home-based business, and the limited resources to remove themselves. In this respect, the Court finds that it is in the interests of justice to extend the period of time for the Writ of Possession to execute from 14 days to 35 days. *Toussaint v. Stone*, 116 Vt. 425, 429 (1951) (allowing courts to extend time for removal to remove property).

## ORDER

Based on the foregoing, it is Ordered and Adjudicated that Plaintiff Andrew Stacy shall have judgment in this matter against Defendants Douglas Burns and Stephanie Austin pursuant to 12 V.S.A. § 4854. The Court Clerk shall issue a Writ of Possession concurrent with this order in favor of Plaintiff Stacy against Defendants Burns and Austin. The length of time for service of this writ is extended by order of the Court from 14 days to 35 days between initial service and execution. This extension is intended to provide Defendants with additional time to ensure that they are able to remove themselves and their possessions from the property. No damages are awarded based on the limited nature of Plaintiff's claims, which were limited strictly to the issue of possession and occupancy of the property.

Electronically signed on 4/22/2025 12:49 PM pursuant to V.R.E.F. 9(d)

Vermont Superior Court
Filed 04/22/25
Orange Unit

Daniel Richardson
Superior Court Judge



Joyce E. Mc Keeman
Assistant Judge

The Hon Laurel Mackin
Assistant Judge