## Anglin et al. v. Pennington.

Dec. 10, 1943.

J. R. Llewellyn and S. F. Bowman for appellants.

E. R. Denney and Fritz Krueger for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming in part and reversing in part.

A full account of the origin and major issues of this litigation may be found in our opinion reversing a judgment in favor of the present appellant, E. H. Anglin. Pennington v. Anglin et al., 288 Ky. 226, 155 S. W. (2d) 860, 862. On the return of the case to the Circuit Court, Pennington filed an amended petition increasing the amount claimed for timber cut and removed by Anglin, and seeking also a recovery of rent for eight years at the rate of $150 per annum. With these additions, the issues on the ensuing trial were the same as on the first. The evidence was substantially the same; and in view of our findings on the former appeal, which, therefore, under a familiar rule, became the law of the case, we see no escape from the conclusion that the court properly instructed the jury to return a verdict awarding appellee the land in controversy. For example, we said: "* * * the proof is overwhelming to the effect that Pennington's predecessors from Big Hill deed on, had held the boundary under adverse possession for a longer period than thirty years. Neighboring owners who had long known the property and caretakers testify to possession and use in such manner as to leave no doubt."

And with regard to the paper title claimed to have been accquired through the alleged deed from G. M. Logan: "While the Samuel Logan patent and the deed from G. M. are exhibited, there is a total failure of proof that G. M., whose father died in 1873, had ever taken or claimed possession of the land. In fact his only claim was that the disputed tract was perhaps one patented by his father in 1819."

The appellant, Anglin, claims that he was at least entitled to an award equivalent to the enhancement in value of the land resulting from the improvements which he erected, and that the court's instruction submitting that question was erroneous in one or more particulars. But his entry on the land in 1934 was without color of title; he knew that the Big Hill Coal Company, one of appellee's predecessors in title, had a record title extending back to 1902; and, while he claims not to have erected the improvements for which he seeks reimbursement, until after he had obtained the deed from Samuel Logan's alleged son on February 23, 1938, nevertheless, he had at that time at least constructive knowledge of appellee's recorded deed from the record title holder dated February 17, 1937, to say nothing of appellee's tax deed from the sheriff dated and recorded in 1935. Only a bona fide purchaser, that is, one who actually believes, and has no reason to believe to the contrary, that his title is good, is entitled to recover the enhancement in value resulting from the improvements which he erects; and by no stretch of the imagination can appellant be brought within that definition.

However, appellants' contention that the court erred in its instruction relative to the amounts which might be awarded appellee for rent and for timber cut and removed by appellant, is well founded. The vice in the instruction is that it permitted a recovery for appellants' use and occupation of the land and marketing of the timber prior to the time appellee acquired title; and we cannot say that the instruction was not prejudicial.

Accordingly, so much of the judgment as awards appellee the land is affirmed, but so much of the judgment as awards appellee $700 with interest from its date is reversed for further proceedings consistent with this opinion.