## STEPP v. LESLIE et al.

Court of Appeals of Kentucky.
Dec. 18, 1953.

V. R. Bentley, Pikeville, for appellant.

E. J. Picklesimer, Pikeville, for appellees.

CULLEN, Commissioner.

Dora Stepp brought suit against her daughter, Eunice Nunnery Leslie, and the latter's daughter, Dora Nunnery Hall, to impress a lien on a farm owned by the defendants, to the extent of the value of certain improvements made upon the farm by the plaintiff and her husband. The court awarded a personal judgment against Eunice Nunnery Leslie for the value of the improvements, in the sum of $767.45, but dismissed the case as to Dora Nunnery Hall and refused to grant a lien on the farm. The plaintiff has appealed, claiming that she should have been awarded a lien, and the defendants have cross-appealed, maintaining that the plaintiff was not entitled to recover in her own name for the full value of the improvements which the pleadings and proof show were paid for in part by funds of the plaintiff's husband, who was not a party to the action.

Dora Stepp's petition alleged that "she and her said husband" made the improvements on the land, and prayed that "she" be adjudged a lien for the value of the improvements made "by her and her husband." It is impossible to tell from her proof what portion of the cost of the improvements was paid out of her funds and what portion was paid out of her husband's funds. Obviously, she could recover in her own name only for such portion of the value of the improvements as represented money expended by her personally.

Perhaps the proof would justify the conclusion that the plaintiff paid half the cost of the improvements out of her own funds, which would support an award in her favor in the amount of approximately $384. However, since the case was not tried on the theory that she could recover only for the amount she personally had expended, we think justice would be better served by directing that a new trial be had. And the husband should be made a party in order that any claim he may have may be asserted.

The improvements in question consisted of a small dwelling house, which Dora Stepp and her husband built on a farm occupied by Eunice Nunnery Leslie. Eunice had written a letter to them, stating that if they wanted to come and build a house on the farm, they could live there the rest of their lives, and they could use timber from the farm in building the house. Approximately one year after the house was built, Eunice and her mother "fell out," and Eunice caused the old people to be evicted, as a result of which this lawsuit was filed.

▇ Actually, Eunice had only a homestead or quarantine interest in the farm, because her daughter had inherited the farm upon the death of Eunice's husband a few years previously. The daughter, Dora Nunnery Hall, was 17 or 18 years of age at the time the house was built, and was living with her husband in Detroit. However, the evidence shows that the daughter had written to her grandmother encouraging her to come and build on the farm, she expressly consented to use of the timber on the farm and she assisted in completing the interior of the house by hanging wallpaper, etc. So it is clear that the daughter fully approved of the arrangement under which the house was built.

The only conceivable basis for denying a lien on the farm would be that since the owner of the fee in the farm, Dora Nunnery Hall, was an infant at the time the transaction took place, she cannot be bound by any principle of estoppel or unjust enrichment. Clearly, if she had been an adult, her participation in the transaction was such as would have subjected her interest in the farm to a lien for the value of the improvements. Cornellison v. Cornellison's Adm'r, 3 Ky.Op. 709.

▇ As we understand the law relating to the right to recover for improvements made upon another's land, the right may be based upon the theory of estoppel or upon the theory of unjust enrichment. See 27 Am.Jur., Improvements, sec. 21, p. 275. Under either theory, the real test seems to be whether the person who made the improvements was acting in good faith. While there may be some doubt as to whether an infant may be estopped generally by conduct that is less than deliberate fraud, we think that the representations and actions of an infant, at least one of the age of 17 or 18 years, may be given such effect in law as that one who acts in reliance upon them may be held to have acted in good faith, to the extent that the infant should not be permitted to reap an unjust profit at the expense of the person who relied upon the infant's representations and actions. An analogy may be found in the rule that requires an infant, upon avoidance of a contract, to return the consideration received.

Upon another trial, if the evidence concerning the participation of Dora Nunnery Hall is substantially the same, a lien should be adjudged against the land for the amount by which the vendible value of the land is found to have been increased by the improvements, not to exceed, however, the amount which Dora Stepp, and her husband if he establishes his claim, expended in making the improvements. See Combs v. Deaton, 199 Ky. 477, 251 S.W. 638.

The judgment is reversed on the direct appeal and on the cross-appeal.