**Paula Barnett MULLINS, Appellant,**

v.

**Robert K. MULLINS; Jesse Mullins and Mary K. Mullins, Appellees.**

No. 89–CA–000962–S.

Court of Appeals of Kentucky.

Sept. 14, 1990.

Kendall L. Duerson, Duerson & Duerson, Berea, for appellant.

Michael L. Duncan, Somerset, for appellee/Robert K. Mullins.

Carl R. Clontz, Clontz & Cox, Mt. Vernon, for appellees/Jesse Mullins & Mary K. Mullins.

Before GUDGEL, STUMBO and WEST, JJ.

STUMBO, Judge:

This case centers around the dissolution of marriage between the appellant, Paula Barnett Mullins, and the appellee, Robert K. Mullins. The parties were married in 1982 and lived with appellee's parents for two years. Appellee's father (hereinafter Jesse) then built a second home on a separate tract of land. Jesse expended $12,084.79 in building the house while $12,505.61 was spent by appellant and appellee to complete the interior. There was no deed, gift, or contract between Jesse and the parties to evidence an exchange of ownership. The parties lived in the house rent-free for three years. The house, excluding the land, was valued at $31,600.00 in 1987.

Appellant and appellee were divorced in January 1988. The Rockcastle Circuit Court divided the property between the parties. Although marital funds were used to make improvements on the home, the court determined that neither party would receive a set-off for those costs since appellant's father held title to the property. By the order amending decree, dated March 1988, the court then decided that the marital funds used in the home constituted an unliquidated equitable interest that was to be divided equally between appellant and appellee. However, neither party could enforce that interest because Jesse was not a party to the action. Leave was then given to either party to add Jesse as a third-party defendant at which time the court would determine the value of the interest and grant appropriate relief.

Pursuant to the court's order, the appellant then added Jesse and his wife as a party to the action. The parties submitted evidence regarding their respective interest in the property. Thereafter the court entered a summary judgment in favor of the third-party defendants and the complaint was dismissed. It is from this decision that the appeal rises. We affirm the circuit court ruling.

Both parties rely on the case of *Stepp v. Leslie*, Ky., 263 S.W.2d 122 (1953). *Stepp* asserts that the right to recover for improvements made on another's land may be based on either unjust enrichment or estoppel. The party making the improvements must also have been acting in good faith. *Stepp, supra*. The interpretation of "good faith" is where the parties differ.

 Appellant asserts that the parties generally need only act in good faith. The appellee, on the other hand, states that a good faith belief that appellant held title to the land is necessary. We agree with appellee. Under *Anglin v. Pennington*, 296 Ky. 142, 176 S.W.2d 277 (1943), only "[o]ne who actually believes, and has no reason to believe to the contrary, that his title is good, is entitled to recover the enhancement in value resulting from the improvements which he erects." Testimony by appellant clearly shows she knew title rested in Jesse. She also knew no rent was due because of the money they spent on improvements and the fact that they had never paid rent, even while living with appellee's parents. Because appellant knew she had no title, she is precluded from recovery under an unjust enrichment theory.

 Appellant also fails under the theory of estoppel. There was no evidence whatsoever that Jesse made any promises, agreements, or attempts to make the appellant believe she was getting ownership in the property. Without this type of action, there can be no estoppel.

The court properly determined that *Robinson v. Robinson*, 100 Ill.App.3d 437, 57 Ill.Dec. 532, 429 N.E.2d 183 (1981) was not authority in Kentucky. The court also correctly distinguished the facts of that case, particularly that *Robinson* involved fraud and deceit.

The appellant cannot prevail under unjust enrichment or estoppel. For the foregoing reasons, we affirm the decision of the Rockcastle Circuit Court.

All concur.