RENDERED:  DECEMBER 5, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1399-MR

ROBIN STRANGE                                                                APPELLANT

v.         APPEAL FROM BULLITT CIRCUIT COURT
HONORABLE RODNEY D. BURRESS, JUDGE
ACTION NO. 21-CI-00328

RANDALL STRANGE                                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, A. JONES, AND KAREM, JUDGES.

KAREM, JUDGE:  Robin Strange ("Robin") appeals from the Bullitt Circuit

Court's granting of a directed verdict in favor of Randall Strange ("Randall").

Robin contends that the circuit court erred in rejecting her claims of unjust

enrichment and her assertion that she had an equitable lien due to her claimed

advancement of personal funds to build a home on land she did not own.  Finding

no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Robin Strange married Dennis Strange in September 1998. Before meeting Dennis, Robin had been widowed and received an inheritance from her previous husband. Dennis's parents, Martin and Carolyn Roper, owned a parcel of land containing no improvements and located at 3122 Zoneton Road in Shepherdsville, Kentucky (the "Zoneton Property"). After marrying, Robin and Dennis moved from their residence in Florida to Kentucky and began constructing a house on the Zoneton Property. The home was completed in early 1999, and the couple resided there until 2008, when they relocated back to Florida.

On February 1, 2012, Dennis died of a heart attack. On October 31, 2012, the Ropers deeded the Zoneton Property, including the house, to Dennis's brother, Randall, and his wife, Charlotte. Randall alleged that when he received title to the Zoneton Property, it was encumbered by a $68,000.00 mortgage with National City Bank and that Randall made all the subsequent payments until the mortgage was paid in full by a subsequent financing with L & N Federal Credit Union. Moreover, Randall claimed that he had maintained the property since the title was transferred to him in 2012, had paid all applicable taxes and insurance for the property, and had made improvements to the property.

Approximately nine (9) years after the Ropers transferred title of the Zoneton Property to Randall, Robin filed suit in Bullitt Circuit Court against

Martin,[1] Randall, and Randall's wife Charlotte in April 2021. In her complaint, Robin alleged that she had spent nearly $80,000.00 of her inheritance funds in constructing the home on the Zoneton Property. This amount was later changed in Robin's pre-trial memorandum to over $200,000.00. Robin's complaint asserted both contract and equitable causes of action, including unjust enrichment and equitable lien, based on the theory that Randall had obtained the benefit of the house Robin built at her expense, under circumstances where equity would require reimbursement. Robin requested that the conveyance of the Zoneton Property to Randall and Charlotte be declared void and that the property be transferred to Robin. Alternatively, she requested a judgment against the defendants for the value of the Zoneton Property's improvements.

During the pendency of the case, both Martin and Charlotte passed away, and the circuit court dismissed the claims against those parties. Additionally, the trial court dismissed Robin's contract-based claims before trial, leaving for adjudication her equitable claims of unjust enrichment, equitable lien, fraudulent misrepresentation, promissory estoppel, fraudulent conveyance, and theft by deception.

The case proceeded to a jury trial in September 2024. At the close of Robin's case-in-chief, Randall moved for a directed verdict. The trial court

---

[1] Carolyn passed away in 2015 before Robin commenced this action.

granted the motion, determining that Robin had failed to present sufficient proof to preserve her equitable claims. Specifically, the court concluded that there was insufficient evidence linking Robin's expenditures to an increase in the property's value.

Following the adverse judgment, Robin timely moved to alter or amend the judgment pursuant to Kentucky Rule of Civil Procedure ("CR") 59.05, which the circuit court denied. This appeal followed.

We will discuss further facts as they become relevant.

## ANALYSIS

### 1. Standard of Review

As stated by the Kentucky Supreme Court, "[w]hen engaging in appellate review of a ruling on a motion for directed verdict, the reviewing court must ascribe to the evidence all reasonable inferences and deductions which support the claim of the prevailing party." *Bierman v. Klapheke*, 967 S.W.2d 16, 18 (Ky. 1998) (citation omitted). However, "[o]nce the issue is squarely presented to the trial judge, who heard and considered the evidence, a reviewing court cannot substitute its judgment for that of the trial judge unless the trial judge is clearly erroneous." *Id*. (citation omitted). "In reviewing the sufficiency of evidence, the appellate court must respect the opinion of the trial judge who heard the evidence." *Id*. "Generally, a trial judge cannot enter a directed verdict unless there is a

complete absence of proof on a material issue or if no disputed issues of fact exist upon which reasonable minds could differ." *Id*. at 18-19.

### 2. Discussion

While Robin raised other equitable claims in her complaint, she only discusses her claims of unjust enrichment and equitable lien in her brief. "An appellant's failure to discuss particular errors in his brief is the same as if no brief at all had been filed on those issues." *Milby v. Mears*, 580 S.W.2d 724, 727 (Ky. App. 1979) (citation omitted). Thus, we will only review the circuit court's disposition of these two claims.

### Unjust Enrichment

To recover under a theory of unjust enrichment, a party "must prove three elements: (1) benefit conferred upon defendant at plaintiff's expense; (2) a resulting appreciation of benefit by defendant; and (3) inequitable retention of [that] benefit without payment for its value." *Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky. App. 2009).

Additionally – and importantly – "[t]he party making the improvements must also have been acting in good faith." *Mullins v. Mullins*, 797 S.W.2d 491, 493 (Ky. App. 1990) (citation omitted). In this context, "acting in good faith" means the party seeking to recover must have a good faith belief that they held title to the property upon which they made the improvements. *Id*. In

*Mullins*, a panel of this Court declined to allow a party who had made improvements to property owned by another to recover the value of the improvements under a theory of unjust enrichment. *Id*. The court denied the recovery because the party seeking to recover the value of the improvements knew at the time she made the improvements that she did not have title to the property. *Id*. Specifically, the *Mullins* Court stated that "[u]nder *Anglin v. Pennington*, 296 Ky. 142, 176 S.W.2d 277 (1943), only '[o]ne who actually believes, and has no reason to believe to the contrary, that his title is good, is entitled to recover the enhancement in value resulting from the improvements which he erects.'" *Id*.

Applying *Mullins* to the case *sub judice*, it is clear from the evidence that Robin did not have a good faith belief that she held title to the Zoneton Property. Even drawing all inferences in Robin's favor, the record indicates that she understood at the time she used the inheritance money to build the house that she did not have title to the property. Because Robin knew she had no title, she is precluded from recovery under an unjust enrichment theory, and we affirm the circuit court.[2] *Mullins*, 797 S.W.2d at 493.

---

[2] We note that, although the circuit court did not resolve the issue based on whether Robin made the improvements to the property in good faith, "[a]n appellate court may affirm a trial court under an alternate theory not relied upon by the trial court." *Commonwealth Nat. Res. and Env't Prot. Cabinet v. Neace*, 14 S.W.3d 15, 20 (Ky. 2000) (citation omitted).

## Equitable Lien

Robin also argues that the circuit court erred in determining that she did not have an equitable lien on the Zoneton Property. Under Kentucky law, an equitable lien exists when "a court of equity out of a general consideration of right and justice as applied to the relations of the parties, and the circumstances of their dealings in the particular case, creates a situation which in good conscience warrants the declaration of a lien." *Back v. Back's Adm'r*, 135 S.W.2d 911, 914 (Ky. 1940) (citations omitted).

Further, the RESTATEMENT (FIRST) OF RESTITUTION § 172 (1937) provides, in relevant part:

> (1) Where a person acquires title to property under such circumstances that otherwise he would hold it . . . subject to an equitable lien, he does not so hold it if he gives value for the property without notice of such circumstances.

This rule was restated with minor non-substantive changes in the RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 66 (2011) as follows: "[a] purchaser for value and without notice acquires the legal interest that the grantor holds and purports to convey, free of equitable interests that a restitution claimant might have asserted against the property in the hands of the grantor."

In this case, Robin provided no evidence that Randall had notice of any of the facts that could have potentially given rise to an equitable lien on the

Zoneton Property. Indeed, Robin testified that she had never spoken to Randall about the issues in the complaint or that she felt entitled to an equitable lien on the property. Moreover, Randall testified that he did not know any of the construction payments before obtaining title to the Zoneton Property in 2012. Because Robin has failed to provide evidence that Randall was put on any type of notice that the conveyance of the title to the Zoneton Property was potentially encumbered by an equitable lien, her claim fails, and we affirm the circuit court.[3]

### CONCLUSION

For the foregoing reasons, we affirm the Bullitt Circuit Court's order granting a directed verdict in Randall's favor.

COMBS, JUDGE, CONCURS.

JONES, A., JUDGE, CONCURS IN RESULT ONLY AND FILES SEPARATE OPINION.

JONES, A., JUDGE, CONCURRING IN RESULT ONLY: Although I disagree with the rationale expressed by the majority in affirming the directed verdict in favor of Randall Strange, I concur in the result and write separately to set forth my reasons. I would affirm based on the trial court's succinct analysis, concluding that Robin failed to present sufficient proof of her damages.

---

[3] Again, although the circuit court did not resolve the issue based on notice to Randall, we affirm pursuant to *Neace*. 14 S.W.3d at 20 (citation omitted).

I believe the facts of this case are sufficiently analogous to *Stepp v. Leslie*, 263 S.W.2d 122 (Ky. 1953). In that case, Dora Stepp's daughter, Eunice Leslie, invited Stepp and her husband to build a house on the Leslie farm and told them they could live there for the rest of their lives. Stepp and her husband accepted the offer, but after a falling out between mother and daughter, Leslie required them to leave the farm. The property was actually owned by Dora Hall, Leslie's daughter, with Leslie retaining only a homestead right to remain there following her husband's death. Nevertheless, the Court found that Hall had consented to the arrangement—indeed, she helped Stepp decorate the interior of the home. Following a trial, the circuit court entered judgment against Leslie in Stepp's favor but refused to place a lien on the farm, presumably because title rested in Hall. On appeal, Stepp argued that the trial court erred in denying her request for an equitable lien. The Court agreed, vacated the judgment, and remanded for a new trial, observing that if the evidence remained the same, "a lien should be adjudged against the land for the amount by which the vendible value of the land is found to have been increased by the improvements, not to exceed, however, the amount which Dora Stepp, and her husband if he establishes his claim, expended in making the improvements."[4] *Id.* at 123.

---

[4] After the case was remanded, the trial court determined that Dora was entitled to a $383.72 lien on the farm, which was upheld during a subsequent appeal. *Stepp v. Leslie*, 275 S.W.2d 428 (Ky. 1955).

Similarly, Robin testified that she and her husband, Dennis, were invited by Dennis's parents to move to Kentucky and build a home on their land. According to Robin, Dennis's parents promised to deed the property to them once the house was constructed. Relying on that promise, Robin and Dennis expended substantial time and resources to build the residence, but the promised conveyance never occurred. Following Dennis's death, his parents instead conveyed the property to his brother, Randall. As in *Stepp*, the evidence—if believed—suggests that Robin made valuable improvements to property she did not own, in reliance on assurances from those who held title or control. These circumstances, while not establishing a legal interest in the land, could give rise to equitable relief to prevent unjust enrichment. Specifically, Robin presented a colorable claim for an equitable lien or restitution measured by the amount the improvements enhanced the property's value, offset by any mortgage or carrying costs paid by Randall.

The majority rejects both theories, reasoning that Robin knew she did not own the land when the house was constructed, and that Randall qualifies as a "purchaser for value." I respectfully disagree on both points. As to the first, *Stepp* recognizes that even when the claimant is aware she lacks legal title, equity may permit limited recovery to prevent unjust enrichment where improvements were

-10-

made in reliance on promises or inducements by those with apparent authority.[5]

Thus, Robin's knowledge that title remained with her in-laws does not necessarily

bar recovery. As to the second, I am unpersuaded that Randall qualifies as a

purchaser for value. Under the RESTATEMENT (THIRD) OF RESTITUTION AND

UNJUST ENRICHMENT § 68 (2011), "value" in this context requires an actual change

of position by the transferee; "[m]erely nominal consideration will not qualify as

value[.]" *Id.*

The recorded deed—of which this Court may take judicial notice—

states that the conveyance was made "to create a separate tract for tax purposes,"

reciting a nominal property value of $221,082.00. This language indicates the

transaction was administrative rather than a bona fide exchange for consideration.

Consequently, Randall cannot be deemed a purchaser for value and cannot avoid

the imposition of an equitable lien on that basis. While it is true that Randall

assumed responsibility for and paid the mortgage after he acquired the property,

that fact does not transform him into a purchaser for value. His payment of the

---

[5] The majority Opinion relies on *Mullins v. Mullins*, 797 S.W.2d 491 (Ky. App. 1990), for the proposition that one who makes improvements knowing she is without title to the land cannot recover. A distinguishing factor in that case was that there was no evidence presented that the property owner "made any promises, agreements, or attempts to make the appellant believe she was getting ownership in the property." *Id.* at 493. Here, however, much like in *Stepp*, Robin and her husband were allegedly told that once the home was constructed, the land would be deeded to them. Therefore, a jury could find that they acted in good faith when they made the improvements to the land.

-11-

mortgage represents, at most, an offset against any equitable recovery to which Robin might otherwise be entitled, not an affirmative defense to liability. In other words, his subsequent contributions may mitigate the measure of unjust enrichment but do not negate the underlying inequity created by his receipt of the improved property without having provided consideration for its construction.

The availability of equitable relief, however, is not determinative. Even assuming such relief could be warranted under these facts, it does not follow that Robin actually proved her damages. To the contrary, as the trial court correctly observed:

> Plaintiff provided no proof of the value of the improvements nor was any proof provided of the difference between the fair market value of the property immediately before and immediately after the making of the improvement. As a result, there was no evidence on which a juror could base an award of damages.

Under the formula set forth in *Stepp*, Robin bore the burden of establishing the value of the land both with and without the home. "When determining the fair market value of real property with improvements and without improvements, expert opinion is ordinarily necessary." *Jones v. Jones*, 245 S.W.3d 815, 820 (Ky. App. 2008). Although property valuation administrator (PVA) records may, in some circumstances, be considered "in connection with other evidence of value of the property[,]" *Commonwealth, Dep't of Highways v. Rankin*, 346 S.W.2d 714, 717 (Ky. 1960), the PVA assessments in this case did not

-12-

establish the present-day value of the land absent the residence.  Without such evidence, Robin failed to provide a sufficient evidentiary basis from which a jury could determine damages, and the directed verdict was therefore proper.


BRIEFS FOR APPELLANT:                BRIEF FOR APPELLEE:

William Aaron Kemper                  Mark E. Edison
Benjamin Potash                      Shepherdsville, Kentucky
Louisville, Kentucky